**KANSAS–NEBRASKA NATURAL GAS CO., Inc. v. CITY OF HASTINGS, NEBRASKA.**

Civ. No. 255.

United States District Court
D. Nebraska, Hastings Division.

April 21, 1950.

James D. Conway (Blackledge, Conway & Irons), of Hastings, Neb., for the plaintiff.

A. P. Madgett and L. R. Stiner (Stiner & Boslaugh), of Hastings, Neb., for the defendant.

DELEHANT, District Judge.

The court has carefully examined the exhaustive and excellent briefs of counsel submitted upon the defendant's consolidated motion. It has concluded that, solely upon procedural considerations, the motion must be denied and overruled. In the light of that ruling, the action will remain for the making up of the issues and disposition on its merits. Accordingly, it is inappropriate that the explanation of the ruling discuss at

length the points and authorities responsive chiefly to the ultimate merits of the action set out in the briefs. They remain for resolution in the final submission of the case and ought not to be tentatively passed upon now.

■ Of the three subdivisions of part I of the motion, each of which, in relation to a separate phase of the prayer of the complaint, demands, under Rule 10(b), Federal Rules of Civil Procedure, 28 U.S.C.A., a separate statement of the facts on which the plaintiff relies for the allowance of that phase of the prayer, it may be observed, first, that they seem to treat the complaint as if it were laid in several separate and distinct counts. That, as the court is persuaded, is not true. It reflects a single claim, only one count. The separate identification and numbering, in the prayer, of the particulars in which the plaintiff conceives it may be entitled to relief does not nullify the unity of the complaint's claim.

And of the demand for "facts" it may also be said that the court considers the plaintiff to have pleaded the facts as it understands them to exist, at least so far as is required under the rules of pleading administrable in this court.

Part II of the motion, also in three subdivisions, moves, contingent on, and to the extent of, the denial of Part I, for the dismissal of the parts of the complaint relating to the three separate phases of its prayer, (recognizing that there are four features of the prayer, of which certain items are in the alternative, although whether in the manner of their regrouping in the motion need not be affirmed). Exceptionally competent arguments have been made by counsel upon the several aspects of this part of the motion.

■ But, especially in actions equitable in their nature, motions to dismiss either portions of a complaint's prayer or portions of the complaint to which individual aspects of its prayer are responsive should rarely, if ever, be granted. That is not an appropriate manner of making disposition of a tendered issue. The prayer does not control the vitality of a complaint or even the course of a court's decree, if upon trial,

the plaintiff prevails. And in the present federal practice the chiseling away of individual issues and the consequent denuding of the entire complaint is not favored.

■ Notice is taken of the fact that in their total reach the several subdivisions of Part II of the motion seek the dismissal of the entire complaint. Considered as making such a request, that part of the motion is not well taken, because the court can not say at this time that under no factual situation which might be established within the framework of the complaint, liberally construed, could any relief be granted the plaintiff. And that test obtains in the decision upon a motion to dismiss for failure to state a claim supporting allowable relief. Cool v. International Shoe Co., 8 Cir., 142 F.2d 318; Publicity Building Realty Corp. v. Hannegan, 8 Cir., 139 F.2d 583; United States v. Arkansas Power & Light Co., 8 Cir., 165 F.2d 354; Leimer v. State Mutual Assurance Co., 8 Cir., 108 F.2d 302; Musteen v. Johnson, 8 Cir., 133 F.2d 106; Sparks v. England, 8 Cir., 113 F.2d 579; and Louisiana Farmers Protective Union v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419.

■ In certain aspects of Part II, in the alternatively tendered Part III, and in Part V of the consolidated motion, the contention is urged that in respect of the several portions of the complaint's prayer at which they are respectively aimed, this court is without jurisdiction, because of a primary jurisdiction over the matter in issue said to be vested in the Federal Power Commission. And Part III of the motion asks the staying of proceedings upon those features of possible relief pending their submission to and determination by the commission; and Part V asks leave for the defendant's filing of a complaint before the commission to obtain a determination of the validity of the provisions of the rate schedule set out in paragraph 5 of the complaint. If, upon the submission of the case, it is determined that, by reason of the commissioner's primary jurisdiction, the court is without present authority to pass upon any matter requisite to the allowance of complete relief, an appropriate order may be made upon the subject. The challenge now made to

its jurisdiction clearly does not validly lie against the whole action. Therefore, the court will not preliminarily disclaim jurisdiction of any phase of it or facilitate its partial submission to the commission while retaining and seasonably acting on the rest.

Finally, in Part IV the defendant seeks a clarification of the period of time during which the plaintiff prays that it be adjudged to be entitled to compensation for natural gas at a rate determined according to "the rate therefor prevailing in similar circumstances in the state for sale of natural gas by the plaintiff to other similar industrial users". Such limiting or clarifying modification of the prayer is quite unnecessary. Again, the request for a particular item of relief in a complaint of this character is only suggestive of what the plaintiff asks. It is no measure of, or limitation upon the relief, if any, which, in ruling upon the merits of the case, the court may grant. The court may well conclude that there is no merit at all in the basis of compensation which the plaintiff proposes, in which event the duration of the requested period of such payment will be quite irrelevant. And, however long or briefly the plaintiff may think, and pray that any allowable basis of compensation should continue, its prayer is not a restriction upon the length of time for which the court may direct such compensation, if any, as it may order to be effective.