Louis Pottock, trading as Pottock's Junk Shop,
Plaintiff,

*vs.*

Continental Can Co., Inc.,
a New York corporation,
Defendant.

*New Castle, March 9, 1965.*

*Samuel R. Russell,* of Bayard, Brill, Russell & Handelman, Wilmington, for plaintiff.

*Frank J. Miller,* of Walker, Miller & Wakefield, Wilmington, for defendant.

SEITZ, Chancellor: Plaintiff brought this action against the coporate defendant to enjoin an alleged nuisance and for damages. By way of answer defendant has set up certain affirmative defenses. This opinion is concerned with two of them, namely, (1) plaintiff has failed to exhaust his administrative remedies and (2) plaintiff has an adequate remedy at law. If either defense has merit the scheduled trial on the nuisance issue should not be held. In consequence, the court, with agreement of counsel, has decided to determine now whether either of these defenses has legal merit.

Plaintiff operates a junk yard, which has larger commercial implications than one might infer from the term itself. Defendant operates an adjacent manufacturing plant which ejects soot into the air from its smokestack. Plaintiff claims that this soot comes to rest, in part, on plaintiff's property and constitutes a nuisance which has caused him special injury. Defendant is thus causing both a public and a private nuisance, if plaintiff is correct.

Concededly both of the affirmative defenses here involved are based on the existence of the *Air Pollution Authority Act ("Authority")* 16 *Del.C.* § 1601 *et seq.* In view of the court's disposition of the matter these defenses need not be treated separately except to note that we are not, strictly speaking, dealing with the doctrine of exhaustion of administrative remedies.

I delineate some of the provisions of the Act creating the Authority for background purposes. The Authority is authorized to consider complaints, make investigations and hold hearings in order to enforce compliance with the laws of this State relating to the pollution of the air. The Act recites that no person shall discharge into the air solids, liquids, or gases causing such injury to human, plant or animal life, or to property as constitutes a public nuisance. It provides for administrative hearings. It also provides that a violation of the Authority's rules and orders constitute a criminal offense. It further authorizes the Authority to institute actions at law or in equity to abate public nuisances created by pollution of the air. Any person whose interest is substantially affected by the action of the Authority may appeal the Authority's decision to the Superior Court which shall hear and determine the matter "as a suit in law and equity".

The basic issue posed by defendant's defenses here considered is whether the Act, to the extent of its subject matter, precludes the exercise of jurisdiction by this court with respect thereto.

Our Supreme Court in *duPont v. duPont, 32 Del.Ch.* 413, 85 *A.2d 724*, construed our Constitution as prohibiting the legislature from depriving this court of its so-called traditional jurisdiction (that existing in 1792) unless an equivalent remedy was provided and also unless that remedy was expressly or by necessary implication made exclusive. The parties tacitly concede that the granting of injunctive relief against nuisances was part of equity's traditional jurisdiction. I shall assume, without deciding, that the administrative remedy with its appeal provision fulfills the "equivalent remedy" requirement of our Constitution, as to the nuisance aspect of this case. However, nowhere in the Air Pollution Act is there any language that expressly provides or by necessary implication requires a holding that the remedy therein created was intended to be exclusive. Thus, this constitutional prerequisite to the abrogation of equity jurisdiction in this area has not been met.

But defendant argues that the nuisance issue should be made subject to the doctrine of primary administrative jurisdiction. This

judicially created doctrine is based, *inter alia,* on the presumed expertise of an agency specifically assigned by law to deal with a particular subject matter. It is true that under the doctrine of primary administrative jurisdiction the court, instead of dismissing the case, may in a proper case retain jurisdiction. Nevertheless, the court must give some significance to the issue or issues submitted to an administrative agency under the primary jurisdiction doctrine. If it does not then the commission's action is meaningless. Since the doctrine does require the court to attach legal significance to a commission's findings, its application would constitute a limitation on the full exercise of this court's traditional constitutional jurisdiction in favor of an administrative agency. This can only be done where the statutory remedy meets the constitutional standard. Here the lack of language of exclusiveness in the Act creating the Authority prevents the court from applying the doctrine.

Defendant places great reliance on the opinions of this court in *Schofield v. Material Transit (Air Pollution Authority)*, 42 *Del.Ch.* 144, 206 *A.2d* 100 and *Tollin v. Diamond State Telephone Company (Public Service Commission)*, 39 *Del.Ch.* 350, 164 *A.2d* 254. In those cases the court stayed proceedings seeking equitable relief in this court and in effect required the plaintiffs to bring their complaints before the administrative agencies indicated. In doing so the court relied upon the doctrine of primary administrative jurisdiction. See 3 *Davis, Administrative Law Treatise,* § 19.01, *et seq.* Thus, the court in those cases did, in effect, require the plaintiffs to proceed before administrative agencies which could take cognizance of their basic claims and process them. Apparently no contention was made in either of those cases that in view of the traditional equitable relief sought and the language of the statutes creating such agencies, this court lacked the power to apply the principle of primary administrative jurisdiction because of the interpretation placed upon the constitutional provision creating the Court of Chancery. I therefore reluctantly conclude that these cases are not binding precedent in this type of case where a party sees fit, as here, to insist upon proceeding in this court.

It follows that the existence of the Air Pollution Act does not provide an adequate remedy at law within the constitutional test applicable to the court's jurisdiction. By the same reasoning the doctrine of primary administrative jurisdiction may not be invoked to deprive a party of his full rights in this court.

I therefore conclude that the second and eighth affirmative defenses are without merit as a matter of law.

An appropriate order may be presented.