**TRI–STATE AMUSEMENT, INC., Petitioner Below, Appellant,**

v.

**STATE of Delaware, Acting Through the STATE TAX DEPARTMENT and E. H. Davis, State Tax Commissioner, Respondent Below, Appellee.**

Supreme Court of Delaware.

May 13, 1969.

B. Wilson Redfearn, of Tybout & Redfearn, Wilmington, for appellant.

Edward J. Wilson, Deputy Atty. Gen., Wilmington, for the Tax Commissioner.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from an order of the Superior Court upholding the constitutionality of 30 Del.C. § 2301, which is attacked on the ground that it is arbitrary, unreasonable, lacking in uniformity, and is therefore in violation of Article 8, § 1 of the Delaware Constitution, Del.C.Ann., which requires that all taxes imposed shall be uniform upon the same class of subjects.

Tri-State Amusement, Inc. conducts in the State of Delaware the business of placing and leasing coin-operated juke boxes and other amusement devices in various locations throughout the State. 30 Del.C. §

2301 imposes certain annual license taxes upon various businesses, one of which, $75 annually, is "amusement conductor", defined as a person furnishing mechanical devices for the entertainment of the general public and making a charge therefor. Excepted from this provision is the owner of coin-operated mechanical devices who is taxed a general annual license of $30 plus an additional license fee imposed upon each coin-operated machine he places in a particular location.

The appellant argues that the licensing statute is arbitrary and discriminatory, first, as an attempt to use the police power of the State to prevent the operation of the business of locating coin-operated amusement devices in various locations, and, second, in that the licensing statute does not achieve the imposition of uniform taxes "upon the same class of subjects."

In Conard v. State, 2 Terry 107, 16 A.2d 121, it was stated that if the imposition of a license fee has as its primary objective the discouragement of dangerous employments and the protection of the public, it may fairly be regarded as an exercise by the State of its police power for the purpose of promoting the public welfare. In that case, the particular statute attacked imposed a license fee on motor-propelled boats used for taking fishing parties out for hire. It required nothing from the licensee other than the filing of an application and the payment of the license fee. The issuing agency had no discretion whatsoever to refuse to issue the license.

Because the statute there attacked permitted the carrying on of the business without the performance of any other condition, and since the license was subject to no restriction or regulation and could not have been refused by the issuing agency, the court held that the imposition of the license fee was the imposition of a tax for revenue.

■ 30 Del.C. § 2301 contains no further condition upon the payment of the license fee for permission to carry on the business. It is therefore similar to the statute under attack in the *Conard* case. In our opinion, the *Conard* case, a decision of the Superior Court, was properly decided. It follows, therefore, that 30 Del.C. § 2301, is a revenue-raising measure and is not an exercise by the state of its police power. This disposes of the first argument made by the appellant.

Secondly, 30 Del.C. § 2301 is attacked on the basis that it does not levy a uniform tax upon the same class of subjects. The real basis of the argument is that it is an arbitrary and discriminatory classification to distinguish between coin-operated amusement devices and amusement devices not operated by a coin, but for which the operator pays a fee to the owner for the privilege.

We think, however, the classification made is not arbitrary and unreasonable. An "amusement conductor" operates a business in which there are a number of mechanical amusement devices for the use of which the customer pays directly to the owner rather than inserting a coin in the machine, itself. Such a business, presumably, would have its machines in one location and housed under one roof.

Such a business differs entirely from one which consists in placing coin-operated amusement devices in various locations throughout the State. The arrangement, for example, which Tri-State has with the owner of the location where its machine is placed is that the machine is leased to the owner for compensation paid to Tri-State. Presumably, this compensation consists of a percentage of the total inserted in the particular machine.

■■ The classification does not seem arbitrary to us. The tax acts alike upon all persons similarly situated. This being so, the familiar presumption of reasonableness given to a legislatively imposed classification comes into play and, absent a clearly arbitrary classification, serves to uphold the constitutionality of the statute. Conard v. State, supra.

**230**

Tri-State cites Mayor & Council of Wilmington v. Walker, 2 Storey 110, 153 A.2d 568. In that case, a city ordinance imposed an annual license tax of $50 on laundries and a license tax of $6.00 per machine on launderettes or self-service laundries. The defendant, Walker, did not use coin-operated machines. He had, in fact, 22 noncoin-operated washing machines. His business was to receive the dirty laundry from the customer, which was then washed by Walker's employees. The customer later called for the clean laundry. The City sought to impose a tax of $6.00 per machine. The holding was, however, that Walker's business was, in effect, a laundry and should be taxed as such. The attempt, therefore, to impose a tax on each machine used in the operation of his business was held to be arbitrary. The case is clearly distinguishable from the one at bar.

For the foregoing reasons, the judgment below is affirmed.