**EASTERN SHORE NATURAL GAS COMPANY, a Delaware corporation, Plaintiff,**

v.

**STAUFFER CHEMICAL COMPANY, a Delaware corporation, Defendant,**

and

**Hoescht Polymer Corporation, a Delaware corporation, Intervenor.**

Court of Chancery of Delaware, New Castle.

Dec. 16, 1971.

John J. Schmittinger of Schmittinger & Rodriguez, Dover, for plaintiff.

Januar D. Bove, Jr., of Connolly, Bove & Lodge, Wilmington, for defendant.

David A. Drexler of Morris, Nichols, Arsht & Tunnell, Wilmington, for intervenor.

MARVEL, Vice Chancellor:

Plaintiff seeks the following relief: (1) an injunction restraining the original defendant from redelivering natural gas sold to it by plaintiff to the intervening defendant Hoechst Polymer Corporation, (2) a declaratory judgment to the effect that its contract with Stauffer for the delivery and sale of such natural gas has been terminated as a result of defendant's actions, and (3) damages for its alleged loss of profits on the gas which the defendant improperly has redelivered to the intervening defendant Hoechst.

Two motions are now before the Court, first plaintiff's motion for a preliminary injuction as prayed for, and second, defendant's motion to stay or dismiss the action. This is the decision of the Court on such motions.

In 1961 Stauffer entered into a twenty year contract for the purchase of natural gas from Eastern. The contract specified, inter alia, the amounts of gas to be delivered each day to Stauffer's Delaware City plant through Eastern's gas pipeline and the rate which Stauffer would pay for the gas so delivered. The contract also contained the following provision concerning assignment of the parties' rights and obligations under the contract:

> "Any corporation which shall succeed by purchase, merger or consolidation to the properties, substantially as an entirety, of Seller (Eastern) or Buyer (Stauffer), as the case may be, shall be entitled to the rights and shall be subject to the obligations of its predecessor in title under this Contract, and either party may, without relieving itself of its obligations under this Contract, assign any of its rights hereunder to a corporation with which it is affiliated, but otherwise no assignment of this Contract or any of the rights or obligations hereunder shall be made unless there first shall have been obtained the consent thereto of Seller, in the event of an assignment by Buyer, or the consent thereto of Buyer, in the event of an assignment by Seller."

Prior to December 11, 1970, the defendant Stauffer was affiliated with Stauffer Hoechst Polymer Corporation, its subsidiary, which corporation occupies a space adjacent to Stauffer's Delaware City plant. Relying on the terms of its contract with Eastern Stauffer permitted such subsidiary to use approximately two percent of the gas which Stauffer was purchasing from Eastern.

On December 11, 1970, Stauffer sold its fifty percent interest in Stauffer Hoechst to American Hoechst, Inc., and Stauffer

Hoechst Polymer Corporation became Hoechst Polymer. Thereafter, although it was no longer affiliated with Hoechst Polymer, Stauffer continued to allow the new Hoechst corporation to use two percent of the gas which Stauffer had contracted to buy from Eastern. After attempts by the parties to negotiate a separate contract for the sale of gas to the present intervening defendant by Eastern, the latter notified Stauffer that is considered Stauffer's delivery of gas to Hoechst to be violative of the terms of the contract between Stauffer and Eastern. Therefore, in accordance with the terms of such contract, Eastern gave Stauffer thirty days notice in which to remedy such alleged breach, and upon Stauffer's failure to bring about such remedy Eastern filed this action.

Defendant bases its motion to stay or dismiss on the doctrine of primary federal jurisdiction, which, if established, would oust this Court of jurisdiction over plaintiff's claim, this not being a case of alleged state primary jurisdiction, Pottock v. Continental Can Co., Inc., 42 Del.Ch. 296, 210 A.2d 295. Defendant argues that by reason of the provisions of the Natural Gas Act [1] primary jurisdiction over the matter in controversy has been reposed in the Federal Power Commission which allegedly has been granted jurisdiction to determine all questions arising out of alleged violations of regulations promulgated under such act, contending that since plaintiff concedes that the action which it has taken violates the Natural Gas Act, the Federal Power Commission must first rule on such alleged violation under the terms of 15 U.S.C. § 717u. Defendant accordingly argues that this Court has no present jurisdiction to entertain plaintiff's application.

■ As has been made clear by decisions of the courts of this State and of the Supreme Court of the United States, the Natural Gas Act does not abrogate a state court's jurisdiction to hear cases concerned with interstate distributors of natural gas,

Columbian Fuel Corp. v. Superior Court, 2 Storey 365, 158 A.2d 478, aff'd sub. nom. Pan American Petroleum Corp. v. Superior Court, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed. 2d 584. Accordingly the test to be applied to determine whether or not state court jurisdiction exists is whether the claims alleged arise under the Natural Gas Act or under state law, the Supreme Court stating in Pan American Petroleum Corp. v. Superior Court, supra, as follows:

"The answers depend on the particular claims a suitor makes in a state court— on how he casts his action. Since 'the party who brings a suit is master to decide what law he will rely upon,' The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716, the complaints in the Delaware Superior Court determine the nature of the suits before it."

In the cited case the court went on to hold that:

"Their operative paragraphs demand recovery on alleged contracts to refund overpayments in the event of a judicial finding that the Kansas minimum-rate order was invalid, or for restitution of the overpayments by which petitioners have allegedly been unjustly enriched under the compulsion of the invalid Kansas order. No right is asserted under the Natural Gas Act."

■ This Court must therefore determine whether or not plaintiff's claims arise under state contract law or under the overriding federal law, inasmuch as if such claims arise solely under the terms of the Natural Gas Act, a stay or dismissal of this action would be appropriate, Order of Railroad Conductors v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318, rehearing denied, 327 U.S. 814, 66 S.Ct. 525, 90 L.Ed. 1038 and Armour & Co. v. Alton R. Co., 312 U.S. 195, 61 S.Ct. 498, 85 L.Ed. 771.

1. 15 U.S.C. § 717(a) et seq.

 In the first count of its complaint, plaintiff, alleging facts substantially as above recited, complains (1) that defendant's course of action constitutes a breach of contract, arguing that defendant should be enjoined because its acts expose plaintiff to criminal penalties by placing it in a position in which it is vulnerable to charges of violations of the Natural Gas Act, and (2) that defendant's actions constitute illegal competition with the plaintiff, giving rise to a claim for damages for lost profits. And while plaintiff's first premise is grounded primarily in contract law, i. e. that defendant's actions constituted a breach of Stauffer's contract with plaintiff, plaintiff must rely on federal law in order to make a showing of irreparable harm entitling it to injunctive relief, its claim of illegal competition necessarily being based on federal law as well.

 In the second count of its complaint plaintiff seeks a declaration by this Court that defendant has breached its contract with plaintiff and that plaintiff has therefore properly terminated such contract in accordance with the provisions thereof which govern contract termination following a breach. It thus appears that in such count plaintiff has stated a claim which may be actionable in a state court, Kansas-Nebraska Natural Gas Co. v. City of Hastings, (D.Neb.) 10 F.R.D. 280. However, because of the limited jurisdiction of this Court, I am satisfied that I cannot properly decide such claim insofar as it seeks a declaratory judgment. In other words, in order for this Court properly to exercise jurisdiction over a claim for a declaratory judgment, there must be some underlying basis for equitable jurisdiction, Jefferson Chemical Co. v. Mobay Chemical Co., Del.Ch., 253 A.2d 512, the test as to whether or not equitable jurisdiction exists being whether or not, in the absence of a prayer for declaratory judgment, the issues presented should be properly disposed of in an equitable as opposed to a legal action, Diebold Computer Leas-

ing, Inc. v. Commercial Credit Corp., Del. Supr., 267 A.2d 586.

As I see it, the only coercive state court relief which plaintiff would be entitled to seek on the present record is damages for an alleged breach of contract, a form of relief not presently sought. Thus, apart from plaintiff's federal claims, there is no claim of irreparable damage to the plaintiff flowing from the breach claimed which would provide a proper basis for injunctive relief. Compare City of Wilmington v. Delaware Coach Co., 43 Del.Ch. 343, 230 A.2d 762.

Plaintiff's motion for a preliminary injunction must therefore be denied, while defendant's motion to dismiss will be granted on the ground of lack of jurisdiction. The order to be entered, however, shall recognize plaintiff's right to transfer this case to a court of competent jurisdiction under the provisions of 10 Del.C. § 1901.

An appropriate order may be presented on notice.