**DELAWARE BANKERS ASSOCIATION, an unincorporated association, et al., Plaintiffs,**

v.

**DIVISION OF REVENUE OF the DEPARTMENT OF FINANCE of the State of Delaware and J. H. Kennedy, Director of Revenue, Defendants.**

Court of Chancery of Delaware, New Castle.

Nov. 3, 1972.

**354**

George Tyler Coulson and William H. Sudell, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiffs.

James T. Perry, Deputy Atty. Gen., Wilmington, for defendants.

MARVEL, Vice Chancellor:

The plaintiff banks, being four out of twenty members of the plaintiff Delaware Bankers Association, an unincorporated group of member banks, trust companies, savings funds and societies doing business in Delaware, bring this action on behalf of the plaintiff association. Such twenty member group consists of the total of banks, trust companies and savings and loan institutions doing business in Delaware. And while plaintiffs' briefs, rather than their pleadings, express concern about the threat of a multiplicity of suits if plaintiffs are not allowed to press their suit in equity as a class action, the meticulous requirements of Rule 23, Del.C.Ann., which control such type of action, have been more honored in the breach than the observance. Furthermore, I am satisfied that Rule 23.2, which is concerned with actions relating to unincorporated associations, does not of itself create equitable jurisdiction in the absence of the threat of a multiplicity of suits or the existence of some other basis for such jurisdiction.

Plaintiff banks individually complain with some logic about the inappropriateness of the occupational fees hereinafter discussed as applied to them. The plaintiff association, on the other hand, has not, on the present record, been subjected to such fees.

Insofar as the complaint relates to the relief sought by the individual members of the plaintiff association, allegedly doing business in Delaware through their twenty main offices and one hundred thirteen branch offices, it challenges the validity of fees charged to the plaintiff banks by defendants for designated occupational licenses under the provisions of 30 Del.C. § 2301. Such type of charge has been made against four member banks of such association listed in the caption above, namely, Bank of Delaware, Delaware Trust Company, Farmers Bank of the State of Delaware, and Wilmington Trust Company. The charges made to such plaintiffs are for occupational license fees which have been applied by defendants notwithstanding the fact that banks and trust companies, as well as savings banks and societies, are independently taxed for the privilege of carrying on their respective banking and savings businesses under the provisions of 5 Del.C. §§ 1104 and 1121.

Under the interpretation of the general statute which has been applied by the defendants, the member banks above named and their branches have been separately directed, according to their various alleged occupations, which do not consist of banking services per se, to take out, in addition to general service licenses, separate licenses, where called for, for the various occupations of broker, income tax consultant, and that of collection agency, as well as to take out licenses as retailers and under §§ 3001 and 3005 as motor vehicle dealers, where deemed appropriate, although each individual plaintiff has, of course, been classified according to its own particular extra-curricular business activities. The averments of the affidavit of the defendant J. H. Kennedy, which are not

denied, are to the effect that Wilmington Trust Company is the only plaintiff which has not paid its required license fees for the fiscal years in question and that the plaintiffs are the only banking institutions which have received formal notices of allegedly due and owing occupational license fees for the fiscal years 1970, 1971 and 1972. Such affidavit also avers, however, that the required occupational taxes have also been paid by the non-party plaintiff, Artisans Savings Bank. There is no allegation in the complaint, and, of course, there would not be, that plaintiffs are unable to pay the fees of which they complain.

Plaintiff banks contend that the so-called occupational fees charged to them by defendants are based on an erroneous construction of the statutes relied on and that the defendant Director of Revenue has arbitrarily enforced his reading of 30 Del. C. § 2301 only against banking institutions. It is accordingly argued that the classifications given to those business activities of the individual plaintiff banks, sought to be taxed under the statute, as well as to the business activities of other members of the plaintiff association, which may be sought to be taxed in the future, are unconstitutional as violative of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States and of Article I, § 7, and Article VII, § 1 of the Delaware Constitution, Del.C.Ann.

Plaintiffs seek relief in the form of a declaratory judgment to the effect that they are not liable for the type of license fees imposed upon them by defendants under the provisions of 30 Del.C. § 2301, and pray for injunctive relief against the collection by defendants of the occupational fees charged to them under the terms of such statute, or upon any other member of the Delaware Bankers Association similarly situated. They also seek injunctive relief against the taking of any action by such defendants designed to impose civil or criminal penalties upon plaintiffs and upon any other members of the Delaware Bankers Association similarly situated for failure on

their part to pay the fees charged against them under the provisions of 30 Del.C. § 2301.

On plaintiffs' application for the granting of a temporary restraining order, which under the facts then available would have been applicable only to threatened action of the defendants to proceed with collection of assessed and unpaid occupational taxes against Wilmington Trust Company, the other plaintiffs having paid their fees as charged, the Court sua sponte questioned its jurisdiction to entertain plaintiffs' cause of action. Thus, the initial question to be decided, on the return of a rule as to whether or not a preliminary injunction should issue in conformity with the prayers of the complaint, is whether or not the plaintiff banks do, in fact, have an adequate remedy at law for the relief which they seek.

■ First of all, it is clear that the Legislature has provided a statutory procedure whereby plaintiffs may object to fees charged and paid and file a claim for revision with the Division of Revenue. On denial of such a claim for refund, an appeal from such decision may be made to the Tax Appeal Board which " * * * shall hear all appeals from the decisions or rulings of the State Tax Commissioner, and affirm, modify or reverse such decisions or rulings," 30 Del.C. § 329. An appeal of right lies to the Superior Court from the ruling of the latter board, 30 Del.C., §§ 331 and 2108. Accordingly, plaintiffs would appear to have an administrative remedy available for a testing of the validity of the occupational fee charges complained of as well as a right of appeal to the Superior Court from the ruling of the Tax Appeal Board. And it is established that equity will not enjoin the collection of a tax alleged to be illegal where there is an adequate remedy at law and there is no real threat of a

multiplicity of suits and unreasonable litigation, Philadelphia W. & B. R. Co. v. Neary, 5 Del.Ch. 600, 8 A. 363, Equitable Guarantee & Trust Co. v. Donahoe, 8 Del. Ch. 422, 45 A. 583.

■ Plaintiffs contend that they are not required to pursue such statutory remedy because this Court's jurisdiction over an action such as the one at bar is established by the fact that it is concerned with the constitutionality of the taxing statute involved, Lynch v. Owen J. Roberts School District, 430 Pa. 461, 244 A.2d 1. But see Equitable Guarantee Trust Co. v. Donahoe, supra, Rochester & Pittsburgh Coal Co. v. Board of Assessment, 438 Pa. 506, 266 A.2d 78, and Crosson v. Downingtown Area School District, 440 Pa. 468, 270 A.2d 377. Furthermore, it has been held by this Court that " * * * The mere fact that a tax is illegal and void is not in itself enough to invoke the aid of the extraordinary powers of equity in its suppression * * *." McComb v. Robelen, 13 Del.Ch. 157, 116 A. 745. And this has been held to be the case in this State even where the attack on a taxing statute is based solely on the ground that the statute in issue is unconstitutional, Equitable Guarantee & Trust Co. v. Donahoe, supra. Therefore, in order for this Court properly to assume jurisdiction over plaintiffs' claim it must be found to fall under some traditional head of conventional equity jurisdiction, Murphy v. City of Wilmington,[1] 6 Houst. 108, and Equitable Guarantee & Trust Co. v. Donahoe, supra.

■ Plaintiffs, in arguing for the proposition that the constitutionality of the statute under attack must be tested in this Court in the first instance cite the case of Philadelphia Life Insurance Co. v. Commonwealth, 410 Pa. 571, 190 A.2d 111, as authority for the proposition that the Delaware Tax Appeal Board is not competent to rule

---

[1] "Those courts which most closely adhere to the distinctions between legal and equitable jurisdiction have generally refused to interfere by injunction with municipal assessments, except in cases which come under some one of the recognized heads of equity jurisdiction, and the doctrine is universally accepted that the collection of a tax will not be enjoined except upon the clearest grounds."

in the first instance on the validity of the Tax Commissioner's application of the statute to certain of plaintiffs' business activities. The holding of the court in the cited case was, however, to the effect that there was no administrative remedy available to the petitioner because the sole issue before the tax board there involved was whether or not a statutory provision was unconstitutional on its face. The present case, on the other hand, involves a novel application to the plaintiff banks of the provisions of 30 Del.C. § 2301 by the Director of Revenue, and it would appear to be the application of the statute to the plaintiff banks' nonbanking activities which is the basis for their objections to the tax in question rather than the actual constitutionality[2] of the statute itself. Under the circumstances it would appear to be appropriate for the Tax Appeal Board to have the opportunity in the first instance to study and rule on plaintiffs' contentions. Compare Rochester & Pittsburgh Coal Co. v. Board of Assessment, 438 Pa. 506, 266 A.2d 78.

■ Plaintiffs also contend that in any event equity has independent jurisdiction to decide this case solely because it is brought as a class action under Chancery Rule 23. However, as indicated earlier in this opinion, I am satisfied that plaintiffs have not demonstrated that they have met the first test for the maintaining of a class action, namely that the claimed class is so numerous that the joinder of all members of such class is impractical as was the case in Brennan v. Black, 34 Del.Ch. 380, 104 A.2d 777, a case brought on behalf of all taxpayers of a school district and which was certified to the Supreme Court without an issue being made as to equitable jurisdiction. See also Betts v. Zeller (Del.Supr.) 263 A.2d 290, another certified case in which jurisdiction was not questioned, namely a taxpayer's suit brought on behalf of all other taxpayers of the City of Wilmington.

■ Next, I am satisfied that Rule 23, as is the case with all other rules of this Court, " * * * shall not be construed to extend or limit the jurisdiction of the Court of Chancery * * *". See Chancery Rule 82. See also Sturgeon v. Great Lakes Steel Corp. (C.A.6), 143 F.2d 819. Thus, a class action is essentially a procedural device designed so that mere numbers may not impede large groups of individuals from either enforcing their rights or jointly defending against alleged wrongs on their part, Montgomery Ward & Co. v. Langer (C.A.8), 168 F.2d 182. Next, before this Court can be deemed to have jurisdiction over an action brought on behalf of a class, there would appear to be the need of demonstrating the existence of an equitable right arising out of the fact that no clear legal remedy is available, Parker v. University of Delaware, 31 Del.Ch. 381, 75 A.2d 225. This, in my opinion, has not been demonstrated in the case at bar, the only possible basis for holding plaintiffs' remedy at law inadequate being the contention that to require the plaintiff banks to proceed at law would result in a multiplicity of suits. I am satisfied, however, that the nature of plaintiffs' activities, for which fees are sought to be charged, are such that a test case, or, at the most, a very few test cases at law, will properly establish the rights of all members of the Delaware Banking Association under the provisions of 30 Del.C. § 2301.

■ And while it is true, as plaintiffs contend, that equity will take jurisdiction of an action over which it would not otherwise have jurisdiction in order to prevent a multiplicity of suits, the threat of such a multiplicity must be shown to be imminent. In other words, real and not

---

2. The constitutionality of 30 Del.C. § 2301, tested under the provisions of Article 8, § 1 of the Delaware Constitution, has been upheld in the case of Tri-State Amusement, Inc. v. State (Del.Supr.) 254 A.2d 228. Significantly, this case was appealed from the Superior Court, which had upheld the statute after an appeal from the State Tax Board, the latter allegedly being without power to pass on the constitutionality of the statute itself.

**358**

imagined danger, probable and not possible danger of a mutiplicity of suits is what equity is designed to prevent, Equitable Guarantee & Trust Co. v. Donahoe, supra. And where, as here, a limited number of petitions for refunds of taxes can be reasonably expected to determine the validity of the charging of fees as sought to be applied by defendants to banking and savings associations, the danger of a multiplicity of similar suits is clearly not imminent.

Plaintiffs, however, go on to cite and rely on cases in their reply brief in which the jurisdiction of this Court over tax cases was not questioned but where, because of the absence of an adequate administrative remedy, injunctive relief for plaintiffs was required in order to preserve the plaintiff taxpayers' rights not to be illegally taxed, no petition for refund being available, or where a true threat of a multiplicity of suits exists. Such is not the case here.

In conclusion, I remain of the opinion that plaintiffs have an effective administrative remedy available to them through a petition for refund under 30 Del.C. § 2108, an action at law for a refund being the traditional legal remedy available to taxpayers in such instances. Compare Equitable Guarantee & Trust Co. v. Donahoe, supra. Other steps, including an appeal to the Superior Court may then be taken, if required, as outlined above and provided for by statute.

Inasmuch as I am of the opinion that the remedy here enacted by the Legislature provides an adequate remedy for the recovery of taxes allegedly improperly charged to plaintiffs, it is accordingly unnecessary to go into the question of whether or not the statutory remedy here provided is exclusive, because no invasion of the traditional jurisdiction of equity, which has been historically jealously guarded, is accomplished by the statutory remedy. In other words there can be no successful demonstration of the invasion or erosion of equitable powers in a situation where no such powers have previously ex-

isted. Thus, cases such as duPont v. du-Pont, 32 Del.Ch. 413, 85 A.2d 724, and Pottock v. Continental Can Co., 42 Del.Ch. 296, 210 A.2d 295 are not applicable.

Finally, there being no showing of present independent, historic equitable jurisdiction of plaintiffs' claims, such as the threat of imminent irreparable harm to plaintiffs of a nature to require injunctive relief, the probability of a multiplicity of suits, or that plaintiffs' remedy at law is otherwise inadequate, their complaint must be dismissed for lack of jurisdiction under the provisions of 10 Del.C. § 342.

On notice an order will be entered dismissing the case unless plaintiffs elect to have it transferred under the provisions of 10 Del.C. § 1901.