**Joseph KERNS, Kathleen Kerns, William M. Torney, Lois A. Torney, Maureen Moyer, John D. Coffman and Martha C. Coffman, individually and as representative plaintiffs on behalf of the certified class, Defendants Below, Appellants,**

**v.**

**Dale DUKES, individually and as Sussex County Government President and Council President, and George J. Collins, individually and as Sussex County Council Member, and William D. Stevenson, individually and as Sussex**

---

County Council Member, and George B. Cole, individually and as Sussex County Council Member, and Ralph E. Benson, individually and as Sussex County Member, and Robert L. Stickels, individually and as Sussex County Administrator, and Robert W. Wood, individually and as Sussex County Engineer, and Christophe A. Tulou, individually and as Delaware Department of Natural Resources and Environmental Control Secretary, and Gerald L. Esposito, individually as a Director of Delaware Department of Natural resources and Environmental Control, and Edwin H. Clark, individually and as then Secretary of Delaware Department of Natural Resources and Environmental Control, Plaintiffs Below, Appellees.

No. 338, 1997.

Supreme Court of Delaware.

Submitted: Jan. 20, 1998.
Decided: March 27, 1998.

Francis J. Trzuskowski, James F. Kipp, Francis J. Schanne (argued), and F.L. Peter Stone, Trzuskowski, Kipp, Kelleher & Pearce, P.A., Wilmington, for Appellants.

Dennis L. Schrader (argued) and Veronica O. Faust, Wilson, Halbrook & Bayard, Georgetown and Carl Schnee, and Patricia A. Pyles McGonigle, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for Appellees Dale R. Dukes, George J. Collins, William D. Stevenson, Sr., George B. Cole, Ralph E. Benson, Robert L. Stickels, and Robert W. Wood.

Keith A. Trostle, Deputy Attorney General, Department of Justice, Wilmington, for Appellees Department of Natural Resources and Environmental Control and Secretary Christophe A. Tulou.

Kevin P. Maloney, Deputy Attorney General, Department of Justice, Wilmington, for Appellees Department of Natural Resources and Environmental Control and Director Gerald P. Esposito.

David L. Ormond, Jr., Deputy Attorney General, Department of Justice, Wilmington, for Appellees Delaware Department of Natural Resources and Environmental Control and Secretary Edwin H. Clark.

Before VEASEY, C.J., WALSH and BERGER, JJ.

WALSH, Justice:

This matter originated through the filing of a civil action in the United States District Court for the District of Delaware. Plaintiffs in that action are Sussex County, Delaware, property owners (the "Property Owners"), who challenged the decision to create a new sewer district, in which they are included, and the actions taken to implement that decision by defendants, the members and officials of the Sussex County Council (the "County") and officials of the Delaware Department of Natural Resources and Environmental Control ("DNREC"). The District Court dismissed the action on jurisdictional grounds, and the Property Owners appealed to the United States Court of Appeals for the Third Circuit (the "Third Circuit").

By order dated July 31, 1997, the Third Circuit certified the following question of law to this Court:

> To what extent does the jurisdiction of Delaware's courts (whether taken singly or in combination) encompass plaintiffs' claims, and to what extent are Delaware's courts able to provide such relief as those claims, if sustained, would entail?

For the purpose of this certification, the Third Circuit assumes that the Property Owners' suit is the sort of challenge to the processes of state and local taxation that federal comity doctrines and the Tax Injunction Act were designed to preclude from the jurisdiction of federal district courts.[1]

We conclude, in answer to the certified question, that the Court of Chancery would have jurisdiction over a state action based on the Property Owners' claims and could provide full relief on those claims, if sustained.

---

1. The Tax Injunction Act provides that federal courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 *U.S.C.* § 1341.

## I.

The Property Owners' suit was brought as a purported class action, with the class estimated at 7,000 Sussex County property owners. They assert standing to pursue their claims as taxpayers. The Property Owners contend that they are being compelled to discontinue reliance on their own septic systems, and to join and to pay the costs of, and fees for, the expanded sewer system. In the complaint, the Property Owners allege: (i) violation of their procedural due process rights, under the 14th Amendment and 42 U.S.C. § 1983, by the County's failure to hold a vote on expansion of the sewer district; (ii) violation of their substantive due process rights, under the 14th Amendment and 42 U.S.C. § 1983, by actions taken by the County and DNREC, which were not based on any rationally supportable public health concern and which impinge upon their use and enjoyment of their real property though financial charge and legal encumbrances thereon; and (iii) failure by DNREC to undertake environmental and cost reviews federally mandated in the Clean Water Act (the "CWA"), *see* 33 U.S.C. § 1251, *et seq.*[2] The Property Owners' counsel summarized their claims as

> [f]irst, that they were arbitrarily denied the right to vote on a new district. Second, they were arbitrarily denied an environmental process which we believe to be fixed and vested. And third, that the sewer district that was built is not legitimately or rationally related to an existing health menace. . . .

As relief, the Property Owners request, "for themselves and all other members of the class," that:

> A. The rights of the class members to have an election on the establishment of the "West Rehoboth Expansion of the Dewey Beach Sanitary Sewer District" be adjudicated and declared, and that the prior unlawfully decreed Sewer District be declared void *ab initio;*

> B. The defendants and each of them be temporarily and permanently restrained and enjoined *from requiring* members of the class to connect to the unlawfully created sewer district and *from charging or assessing* said members of the class for the costs of creating, constructing, maintaining and operating said sewer district (and any debt thereon), unless and until such time as the sewer district is lawfully created by election and compliance with 9 *Del.C.* ch. 65, after proper environmental and cost review, and *from any further construction* of said sewer district, or creation of new debt thereon, without further order of the Court;

> C. The defendants be Ordered to notify all persons, within the said sewer district, of their right to refuse to connect and/or disconnect and the right to receive a refund, if exercising said right, of any capitalization fees previously paid and/or any quarterly rates or other fees and costs paid regarding said sewer district;

> D. The plaintiffs be awarded attorneys' fees and other applicable costs or fees pursuant to 42 U.S.C. section 1988;

> E. The plaintiff class be awarded money damages incident to the equitable relief requested and such monies placed in trust. Such monies shall be sufficient to compensate the plaintiff class members for any liability and costs incurred on the new sewer district, including but not limited to costs of connections, fees previously paid by plaintiffs to the defendants plus interest, and to pay for any debt created from the construction of the sewer district; and

> F. Plaintiffs have such other legal and equitable relief as the Court may deem appropriate, including costs and expenses.

(Complaint at 19–20 (emphasis in original).) In sum, the Property Owners seek declaratory relief, injunctive relief, money damages, and counsel fees.

The County and DNREC moved, on various grounds, to dismiss all or part of the suit, or, in the alternative, to stay the suit pending

---

2. Property Owners *also bring a fourth claim,* based solely on state law, which is before the federal court as a claim supplemental to validly pleaded federal claims. Because only the validi-

ty of the federal claims is now before the Third Circuit, there is no need to consider the fourth claim at this time.

state court resolution of state law questions. The United States District Court for the District of Delaware dismissed the suit for lack of jurisdiction based on the Tax Injunction Act.[3] *Kerns v. Dukes,* D.Del., 944 F.Supp. 1214, 1219–22 (1996). The District Court concluded, in part, that allowing the Property Owners to pursue their claim in federal court would result in "substantial federal court interference in [Sussex] County's revenue collecting ability." *Id.* at 1222.

The Property Owners appealed the dismissal to the Third Circuit, where the appeal is now pending. To address fully the Property Owners' claims on appeal, the Third Circuit must determine the federal question of whether a "plain, speedy and efficient"[4] remedy is available for the Property Owners in Delaware's courts. Specifically, the Third Circuit seeks guidance from this Court as to the following:

> We seek, that is, to ascertain the degree to which plaintiffs are able to pursue in the courts of Delaware those claims that they have chiefly pressed in the federal district court: 'First, that they were arbitrarily denied the right to vote on a new district. Second, they were arbitrarily denied an environmental process which [they] believe to be fixed and vested. And third, that the sewer district that was built is not legitimately or rationally related to an existing health menace for the need for that sewer. . . .' We seek also to ascertain to what degree the requested relief—including a declaratory judgment, injunctive relief, and money damages—may be obtained in the courts of Delaware.

The Third Circuit certified its question to this Court out of concern for what it sees as "potential tension" between the decision of the Court of Chancery in *Delaware Bankers Association v. Division of Revenue of the Department of Finance,* Del.Ch., 298 A.2d 352 (1972), and the Superior Court's holding in *Tatten Partners v. New Castle County Board of Assessment Review,* Del.Super., 642 A.2d 1251 (1993).

## II.

■ This Court must examine a certified question of law in the context in which it arises. *Rales v. Blasband,* Del.Supr., 634 A.2d 927, 931 (1993). "The scope of issues that may be considered in addressing a certified question is limited by the procedural posture of the case." *Id.* The matter before the Third Circuit on appeal arises from a motion to dismiss. On appeal from a motion to dismiss, all well-pled allegations of the complaint are accepted as true. *Precision Air, Inc. v. Standard Chlorine of Del., Inc.,* Del.Supr., 654 A.2d 403, 406 (1995). Moreover, our certification acceptance is limited to the facts stated in the Third Circuit's Order of certification. Supr.Ct.R. 41(c)(iv). This requirement necessarily limits the scope of our holding to the facts recited *infra.*

## A.

■ We first consider the Property Owners' claims brought pursuant to 42 U.S.C. § 1983, alleging violation of substantive and procedural due process rights by the County and by DNREC. State courts have concurrent jurisdiction with the federal courts over actions brought under § 1983. *Martinez v. California,* 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). Thus, the state courts of Delaware may hear the Property Owners' § 1983 claims.

The Property Owners express concern about an apparent conflict between the holdings in *Delaware Bankers* and *Tatten Partners.* A closer examination of the two cases, however, reveals that there is no actual tension. In *Delaware Bankers,* the Court of Chancery declined to exercise equitable jurisdiction because there was an adequate remedy at law for the alleged constitutional violations resulting from the application of a tax—review by the State Tax Commissioner, followed by appeals, as of right, first to the Tax Appeal Board and finally to the Superior

---

**3.** The District Court also dismissed the suit on the alternative ground of comity. Because the question as certified implicates only the jurisdictional ruling, we do not address comity concerns.

**4.** Tax Injunction Act. 28 *U.S.C.* § 1341.

Court.[5] 298 A.2d at 358. *Tatten Partners* holds that a taxpayer's § 1983 claim against the county Board of Assessment is not properly before the Superior Court on appeal from the Board because judicial review is limited to the merits of the assessment proceeding. 642 A.2d at 1262. These cases, however, do not prevent primary jurisdiction in either the Superior Court or the Court of Chancery over direct claims made pursuant to § 1983. Further, the Property Owners are not barred from access to the Superior Court by *Tatten Partners* because there is no administrative remedy that they must first exhaust. *See Del.C.*, title 9; *Carr v. Board of Assessment Review*, Del.Super., C.A. No. 93A–04–008, Graves, J., 1995 WL 109003 (Feb. 22, 1995); *Riley v. Banks*, Del.Super., 62 A.2d 229 (1948).

While concurrent jurisdiction over § 1983 claims may lie in either the Superior Court or the Court of Chancery, the selection of the forum is dictated by the relief sought. The Property Owners seek declaratory relief, injunctive relief and money damages on their § 1983 claims.[6] They also seek an award of attorney's fees pursuant to 42 U.S.C. § 1988.

■■■ The Court of Chancery has exclusive jurisdiction where injunctive relief is sought. 10 *Del.C.* § 341; *Clark v. Teeven Holding Co.*, Del.Ch., 625 A.2d 869, 875 (1992) (citing 1 Pomeroy, *Equity Jurisprudence* § 139 (5th ed. 1951)). *See also, du Pont v. du Pont*, Del.Supr., 85 A.2d 724 (1951). The Court of Chancery may award declaratory relief, where there is otherwise a basis for equitable jurisdiction. 10 *Del.C.* § 6501. The requests for an award of money damages and for attorneys' fees do not prevent the Court of Chancery from exercising jurisdiction over the § 1983 claims. The Court of Chancery, in its discretion, may elect to exercise jurisdiction over legal claims concurrent to equitable claims properly before it. *Clark*, 625 A.2d at 881–82. Once the Court of Chancery accepts jurisdiction over

the entire controversy, the court is empowered to resolve the entire controversy, even if doing so requires an award of a purely legal remedy, such as money damages. *Wilmont Homes v. Weiler*, Del.Supr., 202 A.2d 576, 580 (1964). Finally, sovereign immunity does not bar an action brought pursuant to § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 2312 n. 10, 105 L.Ed.2d 45 (1989) (injunctive relief is available under § 1983 against a state official in his or her official capacity); *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978) (§ 1983 applies to municipalities and other local governments). Accordingly, the Court of Chancery has jurisdiction over the Property Owners' § 1983 claims.

■■■ With respect to the equivalency of the relief available in Delaware's courts, the concurrent jurisdiction of state courts over § 1983 claims allows for relief identical to that available in federal courts. Further, the Property Owners would be entitled to recover attorneys' fees, pursuant to 42 U.S.C. § 1988, in Delaware's courts, provided that they establish that disposition of the case was on "substantial" constitutional grounds. *Slawik v. State*, Del.Supr., 480 A.2d 636, 640–41 (1984). In any event, the inability to recover attorneys' fees does not render the state remedy inadequate. *National Private Truck Council*, 515 U.S. at 592, 115 S.Ct. at 2357. Accordingly, the answer to the certified question is that Delaware's courts would have jurisdiction over the Property Owners' § 1983 claims and, should the Property Owners prevail, they would be entitled to relief equivalent to that available in a federal court.

### B.

Turning next to the Clean Water Act claims, we are asked to determine whether Delaware's courts would have jurisdiction

---

5. *Delaware Bankers* also addresses the requirements for class actions under Court of Chancery Rule 23.

6. To the extent that it is later determined that an adequate remedy at law exists for the Property Owners' § 1983 claims, which the Third Circuit

has assumed to be challenges to state taxation, neither a Delaware court nor a federal court could award injunctive or declaratory relief. *National Private Truck Council v. Oklahoma Tax Cmm'n*, 515 U.S. 582, 592, 115 S.Ct. 2351, 2357, 132 L.Ed.2d 509 (1995).

over a state action embracing the substance of those claims and, should the Property Owners prevail, whether Delaware's courts could grant relief equivalent to that available in federal court. The answer to the relief question controls the jurisdiction question and, thus, must be addressed first. Upon careful review of the Property Owners' complaint, it appears clear that they seek injunctive relief requiring DNREC to perform federally mandated environmental and cost reviews. *See Western Air Lines, Inc. v. Allegheny Airlines, Inc.*, Del.Ch., 313 A.2d 145 (1973). The relief available in a citizen suit brought pursuant to 33 U.S.C. § 1365(a)(2) [7] is limited to: (i) an order directed to the EPA Administrator [8] requiring performance of a nondiscretionary duty, such as performing the environmental and cost reviews; and (ii) an award of costs, including attorneys' fees pursuant to 33 U.S.C. § 1365(d), to be made at the discretion of the District Court.

Under 29 *Del.C.* § 8003(12) [9] and the State Revolving Fund Agreement,[10] the DNREC Secretary is required to conduct an environmental review. This review is mandatory and may be enforced in equity. *See Choma v. O'Rouke*, Del.Ch., 300 A.2d 39, 41 (1972) (Court of Chancery may review a decision by an state agency administrator where the decision was arbitrary or an abuse of discretion). DNREC is not protected from injunctive relief by the doctrine of sovereign immunity. *See Will, supra.* Thus, it appears that the Property Owners would be able to obtain an injunction ordering performance of the reviews they seek. With respect to attorneys' fees, the Court of Chancery may award attorneys' fees as costs pursuant to 10 *Del.C.* § 5106 and Court of Chancery Rule 54(d), where, in its discretion, the equities so dictate. *Wilmington Trust Co. v. Coulter*, Del.Ch., 208 A.2d 677, 681–82 (1965). Accordingly, it appears that equivalent relief is available in the Court of Chancery.

Because injunctive relief is sought, jurisdiction lies in the Court of Chancery. 10 *Del.C.* § 341; *Clark, supra.* It does not appear that there are any requirements incident to securing preliminary injunctive relief in the Court of Chancery that would not be required of the Property Owners in a federal action. The Property Owners could be required to post a bond under either Federal Rule of Civil Procedure 65(c) or under Court of Chancery Rule 65(c).[11] 33 U.S.C. § 1365(d). Further, there are no administrative remedies that the Property Owners would be required to exhaust before bringing their suit directly in the Court of Chancery.

In sum, the answer to the certified question is that the jurisdiction of Delaware's courts encompasses claims based on the CWA and that Delaware's courts are capable

---

**7.** 33 U.S.C. § 1365(a)(2) provides that

any citizen may commence a civil action on his own behalf—

\* \* \*

(2) against the Administrator where there is an alleged failure of the Administrator to perform any act of duty under this chapter which is not discretionary with the Administrator.

The district courts shall have jurisdiction ... to enforce such an effluent standard or limitation, or such an order, or to order the Administrator to perform such act or duty....

**8.** The parties agree that the EPA Administrator would not be a necessary party to any state action.

**9.** 29 *Del.C.* § 8003(12) provides, in pertinent part, that "[t]he Secretary shall conduct an environmental review of projects otherwise qualifying under this subsection which shall be sufficiently consistent with the provisions for environmental review established under 40 C.F.R., Part 6, and the Secretary's environmental review standards established in Title 7."

**10.** The State Revolving Fund Agreement is the agreement between the EPA Administrator and the State of Delaware that permits the grant of federal funds, pursuant to 33 U.S.C. § 1381(a), to provide assistance in the construction, implementation or development of water pollution control programs. 33 U.S.C. § 1382(a).

**11.** Both Fed.R.Civ.P. 65(c) and Ch.Ct. R 65(c) provide that

[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

of providing such relief as those claims, if sustained, would entail.

On the basis of the foregoing, we conclude that the answer to the certified question is as follows:

> The jurisdiction of the courts of Delaware encompasses the Property Owners' § 1983 claims as brought, and such courts may provide relief equivalent to that available in federal court, should the claims be sustained. The jurisdiction of the courts of Delaware also encompasses state law claims upon which the Property Owners may recover relief equivalent to that available in federal court on their CWA claims, should they prevail.