**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MARGARET DAYTON, and EVERETT JONES, )
)
)
Plaintiffs, )
)
v. )  C.A. No. N17C-08-100 CLS
)
WILLIAM COLLISON, and DOES 1 )
through 20, )
)
Defendants. )
)

Decided: January 24, 2018

## ORDER

Plaintiffs filed a Complaint in this action on August 8, 2017. Plaintiffs allege that over the past three years Defendants created a hazard to Plaintiffs' property. Plaintiffs allege that Defendants removed a "significant number of standing trees contained within the City of Newark's natural buffer zone" and "bush hogging of approximately 5,000 square feet of property controlled by the City of Newark." Plaintiffs contend that this provided them privacy and a natural drainage area which protected their property from flooding. They allege that the "relocation of felled trees or cut trees result[ed] in the hindrance of natural drainage of Plaintiff's property." Additionally, Plaintiffs contend that the "placement of a non-permitted underground propane tank, in the minimum size of 400 gallons, on Defendants'

1

property, adjacent to Plaintiff's property, and the installation of certain heating systems without permit" created a dangerous condition of property. Plaintiffs also pled that starting in April of 2017, Defendants caused damage to Plaintiffs' property by removing a drain pipe and filling the reaming pipe with rocks and debris, intentionally altering the natural grade of Defendants' property which prevented the natural flow of water, trimmed trees along the property line, and cleared the Buffer Zone of naturally growing plants.

Count I of Plaintiffs' Complaint alleges that Defendants' use and maintenance of the property is a continuing nuisance, and Plaintiffs seek an injunction as well as an award of money damages. Count II of Plaintiffs' Complaint seeks general, specific, and punitive damages from Defendants. Count III claims that Plaintiffs possessed a prescriptive easement and Defendants' have continued to obstruct the easement and there are no adequate remedies at law for Plaintiffs injures. Finally, Count IV of Plaintiffs' Complaint alleges that Defendants defamed Plaintiffs, and the slanderous comments caused injury to Plaintiffs' reputation.

In lieu of an answer, Defendant William Collison filed a Motion to Dismiss this action on August 31, 2017. Defendant William Collision argues that Plaintiffs primarily seek an injunction and a prescriptive easement and there is no remedy at law for the alleged injuries. Thus, this Court does not have jurisdiction over those claims. Plaintiffs filed a Response on October 19, 2017. Plaintiffs argue that

although Plaintiffs have claimed "some equitable relief, the primary gravamen of their Complaint is for damages."

## Standard of Review

The test for sufficiency of a complaint challenged by a Rule 12(b)(6) motion to dismiss is whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[1]  In making its determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of the non-moving party.[2] The complaint must be without merit as a matter of fact or law to be dismissed.[3] Therefore, if the plaintiff can recover under any conceivable set of circumstances susceptible of proof under the complaint, the motion to dismiss will not be granted.[4]

## Discussion

First, Delaware law is clear that "fictitious name practice is not permitted. This is because there is no statute or rule specifically authorizing fictitious name practice. Filing a claim against 'John Doe' has no legal effect in this State."[5] Not

---

[1] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. Jan. 20, 2012)(citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).

[2] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del. 1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del. Super. Ct.1983).

[3] *Diamond State Tel. Co. v. University of Delaware,* 269 A.2d 52 (Del. 1970).

[4] *Ramunno*, 705 A.2d at 1034; *see Cambium*, 2012 WL 172844, at *1 (citing *Cent. Mortg.*, 27 A.3d at 537)).

[5] *Haskins v. Kay*, 2007 WL 4662114, at *5 (Del. Super. Sept. 27, 2007).

3

only does fictitious name practice have no legal effect, its "impossible to obtain services of process on a non-existent person."[6] Plaintiffs' claims against "Does 1 through 20" are therefore dismissed. Next, Plaintiffs' equitable claims are hereby dismissed. In this State it's "well-established that the Court of Chancery has subject matter jurisdiction where (among other things) a party: 1) seeks an equitable remedy, such as specific performance or an injunction, and 2) lacks an adequate remedy at law. Indeed the 'Court of Chancery has *exclusive* jurisdiction where injunctive relief is sought'."[7]  Thus this Court does not have jurisdiction over Plaintiffs' equitable claims and they are dismissed.  For the aforementioned reasons, Defendant's Motion to Dismiss is **GRANTED IN PART**.


      **IT IS SO ORDERED.**

**/s/ Calvin L. Scott**

**Judge Calvin L. Scott, Jr.**

---

[6] *Id.*

[7] *National Indus. Group (Holding) v. Carlyle Inv. Mgmt. L.L.C.*, 67 A.3d 373, 382 (Del. 2013)(citing *Kerns v. Dukes*, 707 A.2d 363, 368 (Del. 1998)). *See also Johnson v. Connections Cmty. Support Programs Inc.*, 2017 WL 4334151, at *2 (Del. Super. Sept. 29, 2017)(stating that this Court "does not have the ability to grant Plaintiff injunctive relief").