

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-1998

# Kerns v. Dukes

Precedential or Non-Precedential:

Docket 96-7751

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Kerns v. Dukes" (1998). *1998 Decisions.* Paper 172.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/172

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 24, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 96-7751

JOSEPH KERNS; KATHLEEN KERNS; WILLIAM M.
TORNEY; LOIS A. TORNEY; MAUREEN MOYER; JOHN D.
COFFMAN; MARTHA C. COFFMAN, on behalf of
themselves and other similarly situated property owners,
9 Del.C. 6519 persons and other persons being assessed
for the payment of the "West Rehoboth Expansion of the
Dewey Beach Sanitary Sewer District

v.

DALE R. DUKES, individually and as Sussex County
Government President and Council President; GEORGE  J.
COLLINS, individually and as Sussex County Council
Member; WILLIAM D. STEVENSON, SR., individually an d
as Sussex County Council Member; GEORGE B. COLE,
individually and as Sussex County Council Member;
RALPH E. BENSON, individually and as Sussex County
Council Member; ROBERT L. STICKELS, individually a nd
as Sussex County Administrator; ROBERT W. WOOD,
individually and as Sussex County Engineer;
CHRISTOPHE A.G. TULOU, individually and as Delawar e
Department of Natural Resources and Environmental
Control Secretary; GERALD L. ESPOSITO, individuall y
and as a Director of Delaware Department of Natural
Resources and Environmental Control; EDWIN H. CLAR K,
individually and as then Secretary of Delaware
Department of Natural Resources and
Environmental Control

       Joseph Kerns and Kathleen Kerns, William M.
       Torney and Lois A. Torney, Maureen Moyer,
       John D. Coffman and Martha C. Coffman,
       individually and as representative Plaintiffs on
       behalf of the certified class,

       Appellants

On Appeal From the United States District Court
for the District of Delaware
(D.C. Civ. No. 96-113)

Argued May 21, 1997

Before: SLOVITER and ROTH, Circuit Judges, and
POLLAK, District Judge*

(Filed July 24, 1998)

        Francis J. Trzuskowski
        James F. Kipp
        Francis J. Schanne (argued)
        Trzuskowski, Kipp, Kelleher &
         Pearce
        1020 North Bancroft Parkway
        Box 429
        Wilmington, DE 19899
         Attorneys for Appellants

        Carl Schnee (argued)
        Prickett, Jones, Elliott, Kristol &
         Schnee
        1310 King Street
        P.O. Box 1328
        Wilmington, DE 19899

        Dennis L. Schrader
        Veronica O. Faust
        107 West Market Street
        P.O. Box 690
        Georgetown, DE 19947
         Attorneys for Appellees
        Dale Dukes, George J. Collins,
        William D. Stevenson, George Cole,
        Ralph E. Benson, Robert L.
        Stickels, Robert W. Wood

_____

* Hon. Louis H. Pollak, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

Keith A. Trostle
Department of Justice
820 North French Street, 8th Floor
Wilmington, DE 19801
 Attorney for Appellee
 Christophe A. Tulou

Kevin P. Maloney
Department of Natural Resources
89 Kings Highway
P.O. Box 1401
Dover, DE 19903
 Attorney for Appellee
 Gerald L. Esposito

David L. Ormond, Jr.
Department of Justice
820 North French Street, 8th Floor
Wilmington, DE 19801
 Attorney for Appellee
 Edwin H. Clark

OPINION OF THE COURT

POLLAK, District Judge:

This appeal presents the question whether a suit in the District Court for the District of Delaware brought by certain Delaware property owners challenging assessments charged to them to provide for an expanded sewer system is barred either by the Tax Injunction Act, 28 U.S.C. S 1341 -- which provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State"-- or by principles of comity. Because we find that the district court properly dismissed the suit, we affirm the judgment of the district court.

I.

This civil action challenges decisions taken by the defendants -- members and officials of the Sussex County

3

Council ("the County defendants"), and officials of the Delaware Department of Natural Resources and Environmental Control ("the DNREC defendants")-- to (1) authorize the establishment of the "West Rehoboth Expansion of the Dewey Beach Sanitary Sewer District" and (2) take subsequent steps to implement such authorization. The plaintiffs -- appellants in this court -- are several persons owning real property in the expanded sewer district ("the Property Owners"). The Property Owners allege that, by virtue of the establishment of the expanded sewer district, they are being compelled to discontinue reliance on their own septic systems and, in lieu thereof, to join the expanded sewer system and to pay an array of service charges and fees for the privilege of obligatory participation in the expanded sewer system.

The complaint sets forth three counts arising under federal law. The first count, based upon 42 U.S.C. S 1983, alleges deprivations by the County defendants of the Property Owners' Fourteenth Amendment rights to procedural due process; this count undergirds the Property Owners' most strongly argued claim -- namely, that under Delaware law the establishment of the expanded sewer district could be legally accomplished only pursuant to a vote (an "election") of the affected Property Owners, a procedural step not taken in this instance. The second count, also based upon 42 U.S.C. S 1983, alleges that the actions of the County defendants and the DNREC defendants have infringed upon the Property Owners' Fourteenth Amendment rights to substantive due process: the Property Owners contend that the defendants' actions were not based on any rationally supportable public health concerns and that they "have impinged upon the [Property Owners'] use and enjoyment of their real property by mandating a financial charge and legal encumbrance thereon, as well as limiting, controlling, and charging for the use of said property." Complaint at p. 15. The third count, undertaking to set forth a claim pursuant to 33 U.S.C. S 1365(a)(2), the civil enforcement provision of the Clean Water Act,1 alleges that the DNREC defendants failed

_____

1. 33 U.S.C. S 1365(a)(2) provides: "[A]ny citizen may commence a civil action on his own behalf . . . against the [EPA] Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator."

4

to perform certain federally mandated environmental and cost reviews.[2]

The Property Owners brought this suit as a proposed class action, alleging their readiness to represent an estimated 7000 persons said to be similarly situated. The complaint recites that, by way of relief:

Plaintiffs request, for themselves and all other members of the class, that:

A. The rights of the class members to have an election on the establishment of the "West Rehoboth Expansion of the Dewey Beach Sanitary Sewer District" be adjudicated and declared, and that the prior unlawfully decreed Sewer District be declared void ab initio;

B. The defendants and each of them be temporarily and permanently restrained and enjoined from requiring members of the class to connect to the unlawfully created sewer district and from charging or assessing said members of the class for the costs of creating, constructing, maintaining and operating said sewer district (and any debt thereon), unless and until such time as the sewer district is lawfully created by election and compliance with 9 Del.C. Ch. 65, after proper environmental and cost review, and from any further construction of said sewer district, or creation of new debt thereon, without further order of the Court;

C. The defendants be Ordered to notify all persons, within the said sewer district, of their right

_____

2. The complaint also contains a fourth count charging both sets of defendants with a variety of derelictions of state law. However, there is not complete diversity of citizenship as between the plaintiffs and the defendants, with the result that the fourth count is one which could come within the subject matter jurisdiction of the federal district court only as a claim "supplemental" to validly pleaded federal claims. 28 U.S.C. S 1367(a). Since the district court concluded that the federal claims were not cognizable, and it is the correctness of that ruling which is now before this court, there is no present need for this court to consider the fourth count.

to refuse to connect and/or to disconnect, and the right to receive a refund, if exercising said right, of any capitalization fees previously paid and/or any quarterly rates or other fees and costs paid regarding said sewer district.

  D. The plaintiffs be awarded attorneys' fees and other applicable costs or fees pursuant to 42 U.S.C. section 1988;

  E. The plaintiff class be awarded money damages incident to the equitable relief requested and such moneys be placed in trust. Such monies shall be sufficient to compensate the plaintiff class members for any liability and costs incurred on the new sewer district, including but not limited to costs of connections, fees previously paid by the plaintiffs to the defendants plus interest, and to pay for any debt created from construction of the sewer district; and

  F. Plaintiffs have such other legal and equitable relief as the Court may deem appropriate, including costs and expenses.3

Complaint at pp. 19-20 (emphases in original).

In the district court, the defendants moved to dismiss all or part of the suit -- or, in the alternative, to stay the suit pending state court resolution of state law questions -- on a variety of grounds. Defendants chiefly argued that: 1) the Tax Injunction Act ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State") was a bar to the district court's subject matter jurisdiction; 2)

_____

3. In their brief on appeal, the Property Owners have characterized the relief they seek as "(a) A declaration that the`West Rehoboth Expansion of the Dewey Beach Sanitary Sewer District' is void ab initio; (b) Injunctive relief barring mandatory connections; barring new construction on Phase III of the sewer project; and barring related charges; (c) Attorney's fees and costs under 42 U.S.C. SS 1983 and 1988; and (d) Compensatory damages resulting from the unlawful creation of the sewer district and its sewer system." Appellants' Brief on Appeal, pp. 3-4.

principles of comity required dismissal of the suit; and 3) the Clean Water Act claim was not cognizable against the DNREC defendants. The district court concluded that the suit should be dismissed. Kerns v. Dukes, 944 F. Supp. 1214 (D. Del. 1996). Central to the district court's analysis was the determination that the suit was a challenge to the imposition and enforcement of taxes: as noted above, the suit seeks inter alia to enjoin the defendants "from charging or assessing said members of the class for the costs of creating, constructing, maintaining and operating said sewer district (and any debt thereon)." As a challenge to a local taxation scheme, the suit was found by the district court to run afoul both of federal comity principles and of the Tax Injunction Act, 28 U.S.C. S 1341. The district court went on to state:

> This holding does not put an end to plaintiffs' chances of prevailing on their lawsuit in the state court system. All arguments made by plaintiffs before this Court may be made in a state court.

Id. at 1222. In an order dated November 8, 1996, the district court dismissed the action for lack of subject matter jurisdiction and the Property Owners appealed to this court.

On appeal, the Property Owners contended that: "The primary, objective purpose of the present lawsuit is to address the arbitrary and capricious establishment of a sewer district. Thus, the relief requested in the case at bar does not implicate Federal Comity or the Tax Injunction Act." Appellants' Brief p. 34. After oral argument, and because the resolution of this appeal potentially implicated a question of Delaware law, this court issued an order certifying a question to the Supreme Court of Delaware.4

_____

4. Delaware Supreme Court Rule 41(a)(ii) provides:

> The Supreme Court of the United States, a Court of Appeals of the United States, the United States District Court or the Highest Appellate Court of any other State may, on motion or sua sponte, certify to this Court for decision a question or questions of law arising in any case before it prior to the entry offinal judgment if
> there is an important and urgent reason for an immediate determination of such question or questions by this Court and the certifying court has not decided the question or questions in the case.

7

Our certification order read, in relevant part; 5

> There are two crucial issues on appeal. As to the first, without now deciding the issue we will assume for the purposes of this certification order that the district court is correct that plaintiffs' suit is the sort of challenge to the processes of state and local taxation which federal comity doctrines and the Tax Injunction Act were designed to keep out of a federal district court. The remaining issue is whether the courts of Delaware can provide plaintiffs with (in the language of the Tax Injunction Act, language which we also regard as applicable to the comity aspect of the case) a"plain, speedy and efficient remedy." This is of course a federal question to be determined by this Court. However, the federal question is one whose basic ingredients constitute a question of Delaware law. Therefore, as ordered below, we will certify to the Supreme Court of Delaware the following question:

> To what extent does the jurisdiction of Delaware's courts (whether taken singly or in combination) encompass plaintiffs' claims, and to what extent are Delaware's courts able to provide such relief as those claims, if sustained, would entail?

> We seek, that is, to ascertain the degree to which plaintiffs are able to pursue in the courts of Delaware those claims that they have chiefly pressed in the federal district court: "First, that they were arbitrarily denied the right to vote on a new district. Second, they were arbitrarily denied an environmental process which we believe to be fixed and vested. And third, that the sewer district that was built is not legitimately or rationally related to an existing health menace for the need for that sewer. And that's the basis of the lawsuit." Argument of Counsel for Plaintiffs at Hearing Before District Court on Motions to Dismiss, Oct. 16, 1996, Transcript at 16-17. We seek also to ascertain to what degree the requested relief -- including a

_____

5. The full text of this court's certification order is annexed hereto as Appendix A.

8

declaratory judgment, injunctive relief, and money
damages -- may be obtained in the courts of Delaware.

The Delaware Supreme Court, after full briefing and
argument, handed down an opinion carefully and
comprehensively addressing the issues tendered by our
inquiry with respect to Delaware law. Regarding the
Property Owners' S 1983 claims, the Delaware Supreme
Court stated that:6

> [T]he state courts of Delaware may hear the Property
> Owners' S 1983 claims. . . . While concurrent
> jurisdiction over S 1983 claims may lie in either the
> Superior Court or the Court of Chancery, the selection
> of the forum is dictated by the relief sought. The
> Property Owners seek declaratory relief, injunctive
> relief and money damages on their S 1983 claims. They
> also seek an award of attorney's fees pursuant to 42
> U.S.C. S 1988.

> The Court of Chancery has exclusive jurisdiction
> where injunctive relief is sought. The Court of
> Chancery may award declaratory relief, where there is
> otherwise a basis for equitable jurisdiction. The
> requests for an award of money damages and for
> attorneys' fees do not prevent the Court of Chancery
> from exercising jurisdiction over the S 1983 claims. The
> Court of Chancery, in its discretion, may elect to
> exercise jurisdiction over legal claims concurrent to
> equitable claims properly before it. Once the Court of
> Chancery accepts jurisdiction over the entire
> controversy, the court is empowered to resolve the
> entire controversy, even if doing so requires an award
> of a purely legal remedy, such as money damages.
> Finally, sovereign immunity does not bar an action
> brought pursuant to S 1983. Accordingly, the Court of
> Chancery has jurisdiction over the Property Owners'
> S 1983 claims.

Kerns v. Dukes, 707 A.2d 363, 367-68 (Del. 1998)
(footnotes and citations omitted). With respect to the
_____

6. The full text of the Delaware Supreme Court's opinion is annexed
hereto as Appendix B.

Property Owners' claim that they were arbitrarily denied an environmental review under the Clean Water Act, the Delaware Supreme Court stated that:

> Under 29 Del.C. S 8003(12) and the State Revolving Fund Agreement, the DNREC Secretary is required to conduct an environmental review. This review is mandatory and may be enforced in equity. DNREC is not protected from injunctive relief by the doctrine of sovereign immunity. Thus, it appears that the Property Owners would be able to obtain an injunction ordering performance of the reviews they seek.

Id. at 369 (footnotes and citations omitted).

II.

Aided by the opinion of the Delaware Supreme Court, we now are in a position to resolve the issues posed by this appeal.

The Tax Injunction Act bars a federal court from enjoining "the assessment, levy or collection of any tax under state law" where state law provides a "plain, speedy and efficient" remedy. In Rosewell v. LaSalle National Bank, 450 U.S. 503 (1981), the Supreme Court recognized that "[t]he statute `has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations.' " Id. at 522 (quoting Tully v. Griffin, Inc. 429 U.S. 68, 73 (1976)). In California v. Grace Brethren Church, 457 U.S. 393 (1982), the Court held that the Tax Injunction Act bars federal courts from hearing declaratory judgment actions in state tax cases. Id. at 407.

In Fair Assessment in Real Estate v. McNary, 454 U.S. 100 (1981), the Court determined that suits seeking damages because of the imposition of allegedly wrongful taxes are not cognizable in a federal court; while not expressly barred by the Tax Injunction Act, damage actions are barred by principles of comity provided that effective relief is obtainable in state court. The Court reasoned that damage actions "would be no less disruptive of [a state's] tax system than would the historic equitable efforts to

10

enjoin the collection of taxes, efforts which were early held barred by considerations of comity." Id. at 112. Taken together, the Tax Injunction Act and the Supreme Court's decision in McNary make it clear that a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes ("any tax under state law") if a sufficient remedy (a remedy which the Tax Injunction Act terms "plain, speedy and efficient" and which comity views as "plain, adequate and complete")7 is available in state court. See 454 U.S. at 115.

Therefore, this appeal presents two principal issues: First, whether the Property Owners' suit constitutes a challenge to the processes of state or local taxation; and second, whether the courts of Delaware can provide the Property Owners with a "plain, speedy and efficient" remedy for the Property Owners' claims.

Subsequent to the issuance of the Delaware Supreme Court's opinion, the Property Owners submitted to this court a supplemental memorandum captioned "Memorandum of Appellants Addressing the Delaware Supreme Court's Answer to the Certified Question of Law." In that memorandum, the Property Owners have acknowledged that state law "affords them the potential for all of the relief that they request in the Federal Complaint." Appellants' Supplemental Memorandum, p. 3. Accordingly, the Property Owners have narrowed their argument on appeal to the following: "[w]hile the state forum may afford all the relief requested, it is submitted that federal court jurisdiction should remain open to the Property Owners because this is not a state tax case (i.e., prong one of the two part Federal Comity/Tax Injunction analysis)."8

_____

7. In McNary, the Court stated that:

    We discern no significant difference, for purposes of the principles
    recognized in this case, between remedies which are "plain, adequate, and complete," as that phrase has been used in articulating the doctrine of equitable restraint, and those which are
    "plain, speedy and efficient," within the meaning of S 1341.

454 U.S. at 115.

8. The Property Owners couple this argument with a contention that "federal court jurisdiction should remain open to the Property Owners

11

Appellants' Supplemental Memorandum, p.4. The Property
Owners do not dispute the characterization of the
assessments in this case as a tax. They insist, however,
that the primary purpose of their suit is to "address the
arbitrary and capricious establishment of a sewer system"
and not to challenge the sewer assessments. Therefore,
according to the Property Owners, maintenance of this suit
would not constitute federal judicial interference with
Delaware's state or local tax system.

In McNary, the Supreme Court quoted with approval
Justice Brennan's explanation in an earlier case of the
rationale behind federal deference to state courts in state
tax cases:

> The special reasons justifying the policy of federal
> noninterference with state tax collection are obvious.
> The procedures for mass assessment and collection of
> state taxes and for administration and adjudication of
> taxpayers' disputes with tax officials are generally
> complex and necessarily designed to operate according
> to established rules. State tax agencies are organized to
> discharge their responsibilities in accordance with the
> state procedures. If federal declaratory relief were
> available to test state tax assessments, state tax
> administration might be thrown into disarray, and
> taxpayers might escape the ordinary procedural
> requirements imposed by state law. During the
> pendency of the federal suit the collection of revenue
> under the challenged law might be obstructed, with
> consequent damage to the State's budget, and perhaps
> a shift to the State of the risk of taxpayer insolvency.
> Moreover, federal constitutional issues are likely to
> turn on questions of state law, which, like issues of
> state regulatory law, are more properly heard in the
> state courts.

_____

because . . . state law was uncertain at the time of the filing of the
federal complaint." Appellants' Supplemental Memorandum, p. 4. We do
not think the authority of a federal district court to entertain a
plaintiff's
case can turn on the degree of the plaintiff's lack of certainty at the
inception of the litigation as to whether the plaintiff's claims are of a
kind that could be adequately addressed in a state court.

12

454 U.S. at 108 n.6 (quoting Perez v. Ledesma, 401 U.S. 82, 127-28 n.17 (1971) (Brennan, J., concurring in part and dissenting in part)).

Viewing appellants' complaint in the light of Justice Brennan's words, we are persuaded that maintenance of this suit would impinge on exactly the state turf that Congress and the Court have sought to protect against federal judicial intrusion. The Property Owners are challenging the actions of the County and DNREC defendants in establishing the sewer system which has given rise to the assessments they are now required to pay. Given the relief sought -- that the sewer district be "declared void" and that the defendants be "enjoined from requiring members of the class to connect to the unlawfully created sewer disrict and from charging or assessing said members of the class for the costs of creating, constructing, maintaining and operating said sewer district"9 -- we agree with the district court that this action, if permitted to go forward, would heavily involve the federal courts in Delaware tax matters. And, given this direct and substantial challenge to a system of assessments -- i.e. taxes -- that is now in place, we find unpersuasive the argument that the Property Owners' primary target is"the arbitrary and capricious establishment of a sewer system" and that this somehow insulates the Property Owners' suit from the Tax Injunction Act and the demands of comity.10

_____

9. Complaint, p. 19. See also supra note 3.

10. The proposition contended for by the Property Owners is illustrated by Pendleton v. Heard, 824 F.2d 448, 451 (5th Cir. 1987), a case strongly relied on by the Property Owners in their brief on appeal. Pendleton v. Heard was a suit alleging that a proposed county bond issue to finance bridge and road construction, if permitted to go forward without any opportunity for county voters to seek a county election on the bond issue, would contravene section 5 of the federal Voting Rights Act. Noting that "the purpose of this suit is the vindication of voting rights," and that "[a]ny effect on the issuance of bonds or the subsequent imposition of taxes is incidental," id. at 452, the Fifth Circuit reversed the district court's order dismissing the suit and remanded for trial before a statutory three-judge court as required by the Voting Rights Act. In the case at bar, the Property Owners, in challenging assessments that have already been imposed, are seeking to recover the assessments that

13

Finally, we turn to the question whether the Delaware courts can provide a "plain, speedy and efficient" remedy to the Property Owners. In order for a remedy in Delaware's state courts to satisfy this standard, it must be procedurally adequate, Rosewell, 450 U.S. at 512, and provide a " `full hearing and judicial determination' at which [the Property Owners] may raise any and all constitutional objections to the tax." Id. at 514 (quoting LaSalle National Bank v. County of Cook, 312 N.E.2d 252, 255-56 (Ill. 1974)).

The opinion of the Delaware Supreme Court makes it clear that the courts of Delaware can indeed provide the forms of judicial inquiry and (as appropriate) judicial remedy that meet the requirements of the Tax Injunction Act and the principles of comity. Indeed, as noted above, the supplemental memorandum submitted to this court by the Property Owners subsequent to the issuance of the authoritative opinion of the Delaware Supreme Court has affirmed the Property Owners' recognition that Delaware law "affords them the potential for all of the relief that they request in the Federal Complaint."11  And should it be the

_____

have been paid and to enjoin collection of the assessments in the future. Closer to the mark than Pendleton v. Heard is Carson v. City of Fort Lauderdale, 293 F.2d 337 (5th Cir. 1961), in which the Fifth Circuit affirmed dismissal, pursuant to the Tax Injunction Act, of a suit in which "[p]laintiffs . . . seek an injunction to restrain the city from carrying forward its plan to install sewers and make the consequent assessments and service charges." Id. at 338. See also Burris v. City of Little Rock, 941 F.2d 717 (8th Cir. 1991) (holding that the Tax Injunction Act barred review of a S 1983 action to challenge an assessment to pay for sewer improvements).

11. In assessing the scope of the phrase "all of the relief that [the Property Owners] request in the Federal Complaint," it should be borne in mind that the complaint embraces two S 1983 claims and a Clean Water Act claim under 33 U.S.C. S 1365(a)(2). The district court "dismiss[ed] plaintiff 's action based on considerations of comity and the Tax Injunction Act. As a result . . . the applicability of the Clean Water Act [was] not considered." 944 F. Supp. 1218. Given our disposition of the antecedent comity and Tax Injunction Act issues, it would not appear appropriate for this court to undertake to resolve the academic

14

case that the anticipated proceedings in the Delaware
courts fail to resolve issues of federal law in a manner
deemed by the Property Owners to be satisfactory, the
Property Owners would, pursuant to the Federal Judicial
Code, be able to seek certiorari review by the Supreme
Court of the United States. 28 U.S.C. S 1257.

III.

For the foregoing reasons, the judgment of the district
court will be affirmed.

_____

question whether the Clean Water Act claim, were it separable from the
companion counts of the complaint and from the broad relief sought,
would have been cognizable. Suffice it to note that it is at least
doubtful
that a claim that state officials failed to perform certain federally
mandated environmental and cost reviews fits within the framework of
33 U.S.C. S 1365(a)(2), which authorizes a citizen to "commence a civil
action on his own behalf . . . against the [EPA] Administrator where
there is alleged a failure of the Administrator to perform any act or duty
under this chapter which is not discretionary with the Administrator." In
any event, it appears from the opinion of the Delaware Supreme Court
that a lawsuit seeking a court order requiring the DNREC Secretary to
conduct a mandated environmental review is tenable under Delaware's
equity jurisprudence.

15

APPENDIX A

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 96-7751

JOSEPH KERNS, et al.

      Appellants

v.

DALE R. DUKES, et al.

      Appellees

On Appeal From the United States District Court
for the District of Delaware
(D.C. Civ. No. 96-113)

Present: SLOVITER, Chief Judge,
ROTH, Circuit Judge, and POLLAK, District Judge*

ORDER CERTIFYING A QUESTION OF LAW PURSUANT
TO DELAWARE SUPREME COURT RULE 41

This 31st day of July 1997, the Court having found that:

(1) This matter came before the United States Court of
Appeals for the Third Circuit on May 21, 1997, on appeal
from a final judgment of the United States District Court for
the District of Delaware, Honorable Murray M. Schwartz,
United States District Judge, dismissing plaintiffs'
complaint on grounds of comity and/or for lack of
jurisdiction, see 944 F. Supp. 1214 (D. Del. 1996);

_____

* Hon. Louis H. Pollak, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

16

(2) The following facts are undisputed:

(a) This civil action challenges decisions taken by the defendants -- members and officials of the Sussex County Council ("the County defendants"), and officials of the Delaware Department of Natural Resources and Environmental Control (DNREC) -- to (1) authorize the establishment of the "West Rehoboth Expansion of the Dewey Beach Sanitary Sewer District" and (2) take subsequent steps to implement such authorization. The plaintiffs -- appellants in this Court -- are several persons owning real property in the expanded sewer district. The plaintiffs allege that, by virtue of the establishment of the expanded sewer district, they are being compelled to discontinue reliance on their own septic systems and, in lieu thereof, to join the expanded sewer system and to pay an array of service charges and fees for the privilege of obligatory participation in the expanded sewer system.

(b) The complaint sets forth three counts arising under federal law. The first count, based upon 42 U.S.C.S 1983, alleges deprivations by the County defendants of plaintiffs' Fourteenth Amendment rights to procedural due process; this count undergirds plaintiffs' most strongly argued claim -- namely, that under Delaware law the establishment of the expanded sewer district could be legally accomplished only pursuant to a vote (an "election") of the affected property owners, a required procedural step not taken in this instance. The second count, also based upon 42 U.S.C. S 1983, alleges that the actions of the County defendants and the DNREC defendants have infringed upon plaintiffs' Fourteenth Amendment rights to substantive due process: plaintiffs contend that the defendants' actions were not based on any rationally supportable public health concerns and that they "have impinged upon the plaintiffs' use and enjoyment of their real property by mandating afinancial charge and legal encumbrance thereon, as well as limiting, controlling, and charging for the use of said property." Complaint at 15. The third count, undertaking to set forth a claim pursuant to 33 U.S.C. S 1365(a)(2), alleges that the DNREC defendants failed to perform certain federally mandated environmental and cost reviews. (The complaint also contains a fourth count charging both sets of

17

defendants with a variety of derelictions of state law. However, there is not complete diversity of citizenship as between the plaintiffs and the defendants, with the result that the fourth count is one which could come within the subject matter jurisdiction of the federal district court only as a claim "supplemental" to validly pleaded federal claims. 28 U.S.C. S 1367(a). Since the district court concluded that the federal claims were not cognizable, and it is the correctness of that ruling which is now before this Court, there is no present need for this Court to consider the fourth count.)

(c) The plaintiffs have brought this suit as a proposed class action, alleging their readiness to represent an estimated 7000 persons said to be similarly situated. The complaint recites that, by way of relief:

Plaintiffs request, for themselves and all other members of the class, that:

A. The rights of the class members to have an election on the establishment of the "West Rehoboth Expansion of the Dewey Beach Sanitary Sewer District" be adjudicated and declared, and that the prior unlawfully decreed Sewer District be declared void ab initio;

B. The defendants and each of them be temporarily and permanently restrained and enjoined from requiring members of the class to connect to the unlawfully created sewer district and from charging or assessing said members of the class for the costs of creating, constructing, maintaining and operating said sewer district (and any debt thereon), unless and until such time as the sewer district is lawfully created by election and compliance with 9 Del.C. Ch. 65, after proper environmental and cost review, and from any further construction of said sewer district, or creation of new debt thereon, without further order of the Court;

C. The defendants be Ordered to notify all persons, within the said sewer district, of their right to refuse to connect and/or to disconnect, and the right to receive a refund, if exercising said right, of any capitalization

18

fees previously paid and/or any quarterly rates or other fees and costs paid regarding said sewer district.

   D. The plaintiffs be awarded attorneys' fees and other applicable costs or fees pursuant to 42 U.S.C. section 1988;

   E. The plaintiff class be awarded money damages incident to the equitable relief requested and such moneys be placed in trust. Such monies shall be sufficient to compensate the plaintiff class members for any liability and costs incurred on the new sewer district, including but not limited to costs of connections, fees previously paid by the plaintiffs to the defendants plus interest, and to pay for any debt created from construction of the sewer district; and

   F. Plaintiffs have such other legal and equitable relief as the Court may deem appropriate, including costs and expenses.

Complaint at 19-20 (emphases in original).

(d) In the district court, the defendants moved to dismiss all or part of the suit -- or, in the alternative, to stay the suit pending state court resolution of state law questions -- on a variety of grounds. The district court concluded that the suit should be dismissed. Central to its analysis was the determination that the suit was a challenge to the imposition and enforcement of taxes: as noted above, the suit seeks inter alia to enjoin the defendants "from charging or assessing said members of the class for the costs of creating, constructing, maintaining and operating said sewer district (and any debt thereon)." As a challenge to a local taxation scheme, the suit was found by the district court to run afoul both of federal comity doctrines, see, e.g., Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100 (1981), and of the Tax Injunction Act, 28 U.S.C. S 1341, which provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Specifically, the district court held:

Mindful of the fact that Sussex County already has invested $70,000,000 in the sewer district and the plaintiffs have been assessed taxes, the Court finds that permitting the present case to go forward will result in substantial federal court interference in the County's revenue collecting ability. The Court alternatively dismisses the case based on the Tax Injunction Act.

944 F. Supp. at 1222. The district court went on to state:

This holding does not put an end to plaintiffs' chances of prevailing on their lawsuit in the state court system. All arguments made by plaintiffs before this Court may be made in a state court.

Id. This latter recital was not developed in detail in the district court's opinion;

(3) The question of law set forth below should be certified to the Supreme Court of Delaware for the following reasons:

(a) There are two crucial issues on appeal. As to the first, without now deciding the issue we will assume for the purposes of this certification order that the district court is correct that plaintiffs' suit is the sort of challenge to the processes of state and local taxation which federal comity doctrines and the Tax Injunction Act were designed to keep out of a federal district court. The remaining issue is whether the courts of Delaware can provide plaintiffs with (in the language of the Tax Injunction Act, language which we also regard as applicable to the comity aspect of the case) a "plain, speedy and efficient remedy." This is of course a federal question to be determined by this Court. However, the federal question is one whose basic ingredients constitute a question of Delaware law. Therefore, as ordered below, we will certify to the Supreme Court of Delaware the following question:

To what extent does the jurisdiction of Delaware's courts (whether taken singly or in combination) encompass plaintiffs' claims, and to what extent are Delaware's courts able to provide such relief as those claims, if sustained, would entail?

20

We seek, that is, to ascertain the degree to which plaintiffs are able to pursue in the courts of Delaware those claims that they have chiefly pressed in the federal district court: "First, that they were arbitrarily denied the right to vote on a new district. Second, they were arbitrarily denied an environmental process which we believe to be fixed and vested. And third, that the sewer district that was built is not legitimately or rationally related to an existing health menace for the need for that sewer. And that's the basis of the lawsuit." Argument of Counsel for Plaintiffs at Hearing Before District Court on Motions to Dismiss, Oct. 16, 1996, Transcript at 16-17. We seek also to ascertain to what degree the requested relief -- including a declaratory judgment, injunctive relief, and money damages -- may be obtained in the courts of Delaware.

(b) Resolution of the issues of law presented in the certified question will guide this Court's analysis of the federal question whether a "plain, speedy and efficient" remedy is available to plaintiffs in the courts of Delaware. In the absence of such an available remedy, this case will be heard in federal courts rather than state courts whether or not this Court concludes that the complaint constitutes a challenge to processes of state and local taxation. An appropriate regard for the delicate balance between state and national judicial authority counsels that, insofar as feasible, decisions relating to the jurisdiction and remedial capacity of the Delaware state courts -- decisions central to the resolution of this case -- be made by the Delaware courts themselves.

(c) Our concern about the remedy available in the Delaware courts arises in part from the potential tension between the decision of the Court of Chancery in Delaware Bankers Ass'n v. Division of Revenue of the Dep't of Finance, 298 A.2d 352, 356 (Del. Ch. 1972) (holding that in some cases there is an adequate remedy at law for an attack on an illegal or unconstitutional tax through the Tax Appeal Board), and that of the Superior Court in Tatten Partners v. New Castle County Bd. of Assessment Review, 642 A.2d 1251, 1262-65 (Del. Super. 1993) (holding that taxpayer could not have presented substantive due process claim to the Board of Assessment Review because of the limited jurisdiction of that board);

21

(4) The important and urgent reasons for an immediate determination by the Supreme Court of Delaware of the question certified are:

(a) Determination of the certified question is important to the resolution of a controversy that assertedly affects some 7000 Delaware property owners and challenges outlays of at least $70,000,000. The State of Delaware has a substantial interest in ensuring the most authoritative possible determination of the issues on which this litigation turns.

(b) A definitive determination by the Supreme Court of Delaware of the remedies available to plaintiffs in the Delaware state courts will obviate the need for this Court to speculate on that question, and will avert the possibility that this Court would arrive at a conclusion inconsistent with the authoritative result that might be obtained from Delaware's highest court;

(5) If certification is accepted, it is recommended that the plaintiffs (Joseph Kerns, et al.) be appellants, and that the defendants (Dale R. Dukes, et al.) be appellees, for purposes of the caption on any filings in the Supreme Court of Delaware with respect to the question certified.

NOW, THEREFORE, IT IS ORDERED that the following question of law is certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 41 of that Court:

> To what extent does the jurisdiction of Delaware's courts (whether taken singly or in combination) encompass plaintiffs' claims, and to what extent are Delaware's courts able to provide such relief as those claims, if sustained, would entail?

In accordance with Supreme Court Rule 41, it is recommended that briefs shall be filed in the Supreme Court in the following order: the initial brief shall be filed by the plaintiffs as appellants, and any responsive brief(s) shall be filed by the defendants as appellees.

This Court shall retain jurisdiction meanwhile.

BY:
Louis H. Pollak

22

FOR: Dolores K. Sloviter
      Chief Judge
      United States Court of Appeals
      for the Third Circuit

      Jane R. Roth
      Circuit Judge
      United States Court of Appeals
      for the Third Circuit

      Louis H. Pollak
      District Judge
      United States District Court
      for the Eastern District of
      Pennsylvania
      (sitting by designation)

DATED: July 31, 1997

Counsel for the Parties:

FRANCIS J. TRZUSKOWSKI
JAMES F. KIPP
FRANCIS J. SCHANNE
Trzuskowski, Kipp, Kelleher & Pearce
1020 N. Bancroft Parkway
P.O. Box 429
Wilmington, DE 19899
 Attorneys for Appellants

CARL SCHNEE
PATRICIA A. PYLES
Prickett, Jones, Elliott,
Kristol & Schnee
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

DENNIS L. SCHRADER
VERONICA O. FAUST
Wilson, Halbrook & Bayard
107 West Market Street
P.O. Box 690
Georgetown, DE 19947
 Attorneys for Appellees
Dale Dukes, George J. Collins,
William D. Stevenson, Sr.,
George B. Cole, Ralph E. Benson,
Robert L. Stickels, and Robert W. Wood

KEITH A. TROSTLE
DAVID L. ORMOND, JR.
KEVIN P. MALONEY
Department of Justice
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801
 Attorneys for Appellees
Christophe A.G. Tulou,
Edwin H. Clark, and
Gerald Esposito

24

APPENDIX B

Joseph KERNS, Kathleen Kerns, William M. Torney, Lois A. Torney, Maureen Moyer,
John D. Coffman and Martha C. Coffman, individually and as representative
plaintiffs on behalf of the certified class, Defendants Below,
Appellants,
v.
Dale DUKES, individually and as Sussex County Government President and Council
President, and George J. Collins, individually and as Sussex County Council
Member, and William D. Stevenson, individually and as Sussex County
Council Member, and George B. Cole, individually and as Sussex County Council
Member, and Ralph E. Benson, individually and as Sussex County Member, and
Robert L. Stickels, individually and as Sussex County Administrator, and Robert
W. Wood, individually and as Sussex County Engineer, and Christophe A. Tulou,
individually and as Delaware Department of Natural Resources and Environmental
Control Secretary, and Gerald L. Esposito, individually as a Director of
Delaware Department of Natural Resources and Environmental Control, and Edwin
H. Clark, individually and as then Secretary of Delaware Department of Natural
Resources and Environmental Control, Plaintiffs Below,
Appellees.

No. 338, 1997.

Supreme Court of Delaware.

Submitted: Jan. 20, 1998.

Decided: March 27, 1998.

Court Below: United States Court of Appeals for the Third Circuit, Docket No. 96-7751.

25

Francis J. Trzuskowski, James F. Kipp, Francis J. Schanne (argued), and F.L. Peter Stone, Trzuskowski, Kipp, Kelleher & Pearce, P.A., Wilmington, for Appellants.

Dennis L. Schrader (argued) and Veronica O. Faust, Wilson, Halbrook & Bayard, Georgetown and Carl Schnee, and Patricia A. Pyles McGonigle, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for Appellees Dale R. Dukes, George J. Collins, William D. Stevenson, Sr., George B. Cole, Ralph E. Benson, Robert L. Stickels, and Robert W. Wood.

Keith A. Trostle, Deputy Attorney General, Department of Justice, Wilmington, for Appellees Department of Natural Resources and Environmental Control and Secretary Christophe A. Tulou.

Kevin P. Maloney, Deputy Attorney General, Department of Justice, Wilmington, for Appellees Department of Natural Resources and Environmental Control and Director Gerald P. Esposito.

David L. Ormond, Jr., Deputy Attorney General, Department of Justice, Wilmington, for Appellees Delaware Department of Natural Resources and Environmental Control and Secretary Edwin H. Clark.

Before VEASEY, C.J., WALSH and BERGER, JJ.

WALSH, Justice:

This matter originated through the filing of a civil action in the United States District Court for the District of Delaware. Plaintiffs in that action are Sussex County, Delaware, property owners (the "Property Owners"), who challenged the decision to create a new sewer district, in which they are included, and the actions taken to implement that decision by defendants, the members and officials of the Sussex County Council (the "County") and officials of the Delaware Department of Natural Resources and Environmental Control ("DNREC"). The District Court dismissed the action on jurisdictional grounds, and the Property Owners appealed to the United States Court of Appeals for the Third Circuit (the "Third Circuit").

By order dated July 31, 1997, the Third Circuit certified the following question of law to this Court:

To what extent does the jurisdiction of Delaware's courts (whether taken singly or in combination) encompass plaintiffs' claims, and to what extent are Delaware's courts able to provide such relief as those claims, if sustained, would entail?

For the purpose of this certification, the Third Circuit assumes that the Property Owners' suit is the sort of challenge to the processes of state and local taxation that federal comity doctrines and the Tax Injunction Act were designed to preclude from the jurisdiction of federal district courts.1

We conclude, in answer to the certified question, that the Court of Chancery would have jurisdiction over a state action based on the Property Owners' claims and could provide full relief on those claims, if sustained.

I.

The Property Owners' suit was brought as a purported class action, with the class estimated at 7,000 Sussex County property owners. They assert standing to pursue their claims as taxpayers. The Property Owners contend that they are being compelled to discontinue reliance on their own septic systems, and to join and to pay the costs of, and fees for, the expanded sewer system. In the complaint, the Property Owners allege: (i) violation of their procedural due process rights, under the 14th Amendment and 42 U.S.C. S 1983, by the County's failure to hold a vote on expansion of the sewer district; (ii) violation of their substantive due process rights, under the 14th Amendment and 42 U.S.C. S 1983, by actions taken by the County and DNREC, which were not based on any rationally supportable public health concern and which impinge upon their use and enjoyment of their real property though financial charge and legal encumbrances thereon; and (iii) failure by DNREC to undertake environmental and cost

_____

1. The Tax Injunction Act provides that federal courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. S 1341.

27

reviews federally mandated in the Clean Water Act (the "CWA"), see 33 U.S.C. S 1251,et seq.2 The Property Owners' counsel summarized their claims as

> [f]irst, that they were arbitrarily denied the right to vote on a new district. Second, they were arbitrarily denied an environmental process which we believe to befixed and vested. And third, that the sewer district that was built is not legitimately or rationally related to an existing health menace....

As relief, the Property Owners request, "for themselves and all other members of the class," that:

> A. The rights of the class members to have an election on the establishment of the "West Rehoboth Expansion of the Dewey Beach Sanitary Sewer District" be adjudicated and declared, and that the prior unlawfully decreed Sewer District be declared void ab initio;

> B. The defendants and each of them be temporarily and permanently restrained and enjoined from requiring members of the class to connect to the unlawfully created sewer district and from charging or assessing said members of the class for the costs of creating, constructing, maintaining and operating said sewer district (and any debt thereon), unless and until such time as the sewer district is lawfully created by election and compliance with 9 Del.C. ch. 65, after proper environmental and cost review, and from any further construction of said sewer district, or creation of new debt thereon, without further order of the Court;

> C. The defendants be Ordered to notify all persons, within the said sewer district, of their right to refuse to connect and/or disconnect and the right to receive a refund, if exercising said right, of any capitalization

_____

2. Property Owners also bring a fourth claim, based solely on state law, which is before the federal court as a claim supplemental to validly pleaded federal claims. Because only the validity of the federal claims is now before the Third Circuit, there is no need to consider the fourth claim at this time.

28

fees previously paid and/or any quarterly rates or other fees and costs paid regarding said sewer district;

 D. The plaintiffs be awarded attorneys' fees and other applicable costs or fees pursuant to 42 U.S.C. section 1988;

 E. The plaintiff class be awarded money damages incident to the equitable relief requested and such monies placed in trust. Such monies shall be sufficient to compensate the plaintiff class members for any liability and costs incurred on the new sewer district, including but not limited to costs of connections, fees previously paid by plaintiffs to the defendants plus interest, and to pay for any debt created from the construction of the sewer district; and

 F. Plaintiffs have such other legal and equitable relief as the Court may deem appropriate, including costs and expenses.

(Complaint at 19–20 (emphasis in original).) In sum, the Property Owners seek declaratory relief, injunctive relief, money damages, and counsel fees.

The County and DNREC moved, on various grounds, to dismiss all or part of the suit, or, in the alternative, to stay the suit pending state court resolution of state law questions. The United States District Court for the District of Delaware dismissed the suit for lack of jurisdiction based on the Tax Injunction Act.3 Kerns v. Dukes, D.Del., 944 F.Supp. 1214, 1219–22 (1996). The District Court concluded, in part, that allowing the Property Owners to pursue their claim in federal court would result in "substantial federal court interference in [Sussex] County's revenue collecting ability." Id. at 1222.

The Property Owners appealed the dismissal to the Third Circuit, where the appeal is now pending. To address fully the Property Owners' claims on appeal, the Third Circuit must determine the federal question of whether a"plain,

_____

3. The District Court also dismissed the suit on the alternative ground of comity. Because the question as certified implicates only the jurisdictional ruling, we do not address comity concerns.

29

speedy and efficient"4 remedy is available for the Property Owners in Delaware's courts. Specifically, the Third Circuit seeks guidance from this Court as to the following:

> We seek, that is, to ascertain the degree to which plaintiffs are able to pursue in the courts of Delaware those claims that they have chiefly pressed in the federal district court: `First, that they were arbitrarily denied the right to vote on a new district. Second, they were arbitrarily denied an environmental process which [they] believe to be fixed and vested. And third, that the sewer district that was built is not legitimately or rationally related to an existing health menace for the need for that sewer....' We seek also to ascertain to what degree the requested relief--including a declaratory judgment, injunctive relief, and money damages--may be obtained in the courts of Delaware.

The Third Circuit certified its question to this Court out of concern for what it sees as "potential tension" between the decision of the Court of Chancery in Delaware Bankers Association v. Division of Revenue of the Department of Finance, Del.Ch., 298 A.2d 352 (1972), and the Superior Court's holding in Tatten Partners v. New Castle County Board of Assessment Review, Del.Super., 642 A.2d 1251 (1993).

II.

This Court must examine a certified question of law in the context in which it arises. Rales v. Blasband, Del.Supr., 634 A.2d 927, 931 (1993). "The scope of issues that may be considered in addressing a certified question is limited by the procedural posture of the case." Id. The matter before the Third Circuit on appeal arises from a motion to dismiss. On appeal from a motion to dismiss, all well-pled allegations of the complaint are accepted as true. Precision Air, Inc. v. Standard Chlorine of Del., Inc., Del.Supr., 654 A.2d 403, 406 (1995). Moreover, our certification acceptance is limited to the facts stated in the Third Circuit's Order of certification. Supr.Ct.R. 41(c)(iv). This

_____

4. Tax Injunction Act. 28 U.S.C. S 1341.

requirement necessarily limits the scope of our holding to the facts recited infra.

A.

We first consider the Property Owners' claims brought pursuant to 42 U.S.C. S 1983, alleging violation of substantive and procedural due process rights by the County and by DNREC. State courts have concurrent jurisdiction with the federal courts over actions brought under S 1983. Martinez v. California, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). Thus, the state courts of Delaware may hear the Property Owners' S 1983 claims.

The Property Owners express concern about an apparent conflict between the holdings in Delaware Bankers and Tatten Partners. A closer examination of the two cases, however, reveals that there is no actual tension. In Delaware Bankers, the Court of Chancery declined to exercise equitable jurisdiction because there was an adequate remedy at law for the alleged constitutional violations resulting from the application of a tax--review by the State Tax Commissioner, followed by appeals, as of right, first to the Tax Appeal Board and finally to the Superior Court.5 298 A.2d at 358. Tatten Partners holds that a taxpayer's S 1983 claim against the county Board of Assessment is not properly before the Superior Court on appeal from the Board because judicial review is limited to the merits of the assessment proceeding. 642 A.2d at 1262. These cases, however, do not prevent primary jurisdiction in either the Superior Court or the Court of Chancery over direct claims made pursuant to S 1983. Further, the Property Owners are not barred from access to the Superior Court by Tatten Partners because there is no administrative remedy that they must first exhaust. See Del.C., title 9; Carr v. Board of Assessment Review, Del.Super., C.A. No. 93A-04-008, Graves, J., 1995 WL 109003 (Feb. 22, 1995); Riley v. Banks, Del.Super., 62 A.2d 229 (1948).

While concurrent jurisdiction over S 1983 claims may lie

_____

5. Delaware Bankers also addresses the requirements for class actions under Court of Chancery Rule 23.

in either the Superior Court or the Court of Chancery, the selection of the forum is dictated by the relief sought. The Property Owners seek declaratory relief, injunctive relief and money damages on their S 1983 claims. 6 They also seek an award of attorney's fees pursuant to 42 U.S.C. S 1988.

The Court of Chancery has exclusive jurisdiction where injunctive relief is sought. 10 Del.C. S 341; Clark v. Teeven Holding Co., Del.Ch., 625 A.2d 869, 875 (1992) (citing 1 Pomeroy, Equity Jurisprudence S 139 (5th ed. 1951)). See also, du Pont v. du Pont, Del.Supr., 85 A.2d 724 (1951). The Court of Chancery may award declaratory relief, where there is otherwise a basis for equitable jurisdiction. 10 Del.C. S 6501. The requests for an award of money damages and for attorneys' fees do not prevent the Court of Chancery from exercising jurisdiction over the S 1983 claims. The Court of Chancery, in its discretion, may elect to exercise jurisdiction over legal claims concurrent to equitable claims properly before it. Clark, 625 A.2d at 881–82. Once the Court of Chancery accepts jurisdiction over the entire controversy, the court is empowered to resolve the entire controversy, even if doing so requires an award of a purely legal remedy, such as money damages. Wilmont Homes v. Weiler, Del.Supr., 202 A.2d 576, 580 (1964). Finally, sovereign immunity does not bar an action brought pursuant to S 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 2312 n. 10, 105 L.Ed.2d 45 (1989) (injunctive relief is available under S 1983 against a state official in his or her official capacity); Monell v. Department of Soc. Servs., 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978) (S 1983 applies to municipalities and other local governments). Accordingly, the Court of Chancery has jurisdiction over the Property Owners' S 1983 claims.

With respect to the equivalency of the relief available in

_____

6. To the extent that it is later determined that an adequate remedy at law exists for the Property Owners' S 1983 claims, which the Third Circuit has assumed to be challenges to state taxation, neither a Delaware court nor a federal court could award injunctive or declaratory relief. National Private Truck Council v. Oklahoma Tax Cmm'n, 515 U.S. 582, 592, 115 S.Ct. 2351, 2357, 132 L.Ed.2d 509 (1995).

Delaware's courts, the concurrent jurisdiction of state courts over S 1983 claims allows for relief identical to that available in federal courts. Further, the Property Owners would be entitled to recover attorneys' fees, pursuant to 42 U.S.C. S 1988, in Delaware's courts, provided that they establish that disposition of the case was on "substantial" constitutional grounds. Slawik v. State, Del.Supr., 480 A.2d 636, 640-41 (1984). In any event, the inability to recover attorneys' fees does not render the state remedy inadequate. National Private Truck Council, 515 U.S. at 592, 115 S.Ct. at 2357. Accordingly, the answer to the certified question is that Delaware's courts would have jurisdiction over the Property Owners' S 1983 claims and, should the Property Owners prevail, they would be entitled to relief equivalent to that available in a federal court.

B.

Turning next to the Clean Water Act claims, we are asked to determine whether Delaware's courts would have jurisdiction over a state action embracing the substance of those claims and, should the Property Owners prevail, whether Delaware's courts could grant relief equivalent to that available in federal court. The answer to the relief question controls the jurisdiction question and, thus, must be addressed first. Upon careful review of the Property Owners' complaint, it appears clear that they seek injunctive relief requiring DNREC to perform federally mandated environmental and cost reviews. See Western Air Lines, Inc. v. Allegheny Airlines, Inc., Del.Ch., 313 A.2d 145 (1973). The relief available in a citizen suit brought pursuant to 33 U.S.C. S 1365(a)(2)[7] is limited to: (i) an order

_____

7. 33 U.S.C. S 1365(a)(2) provides that

   any citizen may commence a civil action on his own behalf--

* * *

   (2) against the Administrator where there is an alleged failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.

   The district courts shall have jurisdiction ... to enforce such an effluent standard or limitation, or such an order, or to order the Administrator to perform such act or duty....

directed to the EPA Administrator8 requiring performance of a nondiscretionary duty, such as performing the environmental and cost reviews; and (ii) an award of costs, including attorneys' fees pursuant to 33 U.S.C.S 1365(d), to be made at the discretion of the District Court.

Under 29 Del.C. S 8003(12)9 and the State Revolving Fund Agreement,10 the DNREC Secretary is required to conduct an environmental review. This review is mandatory and may be enforced in equity. See Choma v. O'Rouke, Del.Ch., 300 A.2d 39, 41 (1972) (Court of Chancery may review a decision by an state agency administrator where the decision was arbitrary or an abuse of discretion). DNREC is not protected from injunctive relief by the doctrine of sovereign immunity. See Will, supra. Thus, it appears that the Property Owners would be able to obtain an injunction ordering performance of the reviews they seek. With respect to attorneys' fees, the Court of Chancery may award attorneys' fees as costs pursuant to 10 Del.C. S 5106 and Court of Chancery Rule 54(d), where, in its discretion, the equities so dictate. Wilmington Trust Co. v. Coulter, Del.Ch., 208 A.2d 677, 681–82 (1965). Accordingly, it appears that equivalent relief is available in the Court of Chancery.

Because injunctive relief is sought, jurisdiction lies in the Court of Chancery. 10 Del.C. S 341; Clark, supra. It does not appear that there are any requirements incident to securing preliminary injunctive relief in the Court of Chancery that would not be required of the Property Owners in a federal action. The Property Owners could be

_____

8. The parties agree that the EPA Administrator would not be a necessary party to any state action.

9. 29 Del.C. S 8003(12) provides, in pertinent part, that "[t]he Secretary shall conduct an environmental review of projects otherwise qualifying under this subsection which shall be sufficiently consistent with the provisions for environmental review established under 40 C.F.R., Part 6, and the Secretary's environmental review standards established in Title 7."

10. The State Revolving Fund Agreement is the agreement between the EPA Administrator and the State of Delaware that permits the grant of federal funds, pursuant to 33 U.S.C. S 1381(a), to provide assistance in the construction, implementation or development of water pollution control programs. 33 U.S.C. S 1382(a).

34

required to post a bond under either Federal Rule of Civil Procedure 65(c) or under Court of Chancery Rule 65(c).11 33 U.S.C. S 1365(d). Further, there are no administrative remedies that the Property Owners would be required to exhaust before bringing their suit directly in the Court of Chancery.

In sum, the answer to the certified question is that the jurisdiction of Delaware's courts encompasses claims based on the CWA and that Delaware's courts are capable of providing such relief as those claims, if sustained, would entail.

On the basis of the foregoing, we conclude that the answer to the certified question is as follows:

> The jurisdiction of the courts of Delaware encompasses the Property Owners' S 1983 claims as brought, and such courts may provide relief equivalent to that available in federal court, should the claims be sustained. The jurisdiction of the courts of Delaware also encompasses state law claims upon which the Property Owners may recover relief equivalent to that available in federal court on their CWA claims, should they prevail.

A True Copy:
Teste:

> Clerk of the United States Court of Appeals
> for the Third Circuit

_____

11. Both Fed.R.Civ.P. 65(c) and Ch.Ct. R. 65(c) provide that

[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

35