**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1759
_____

JEFFREY BELLO,
            Appellant

v.

EDGEWATER PARK SEWERAGE AUTHORITY;
STATE OF NEW JERSEY; TOWNSHIP OF EDGEWATER PARK
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-15-cv-06768)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2019

Before:  KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 13, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Jeffrey Bello appeals the District Court's order granting summary judgment to Appellee Edgewater Park Sewerage Authority ("EPSA"). We will affirm.

Because the parties are familiar with the background, we present a summary only. In 2015, Bello filed his initial federal complaint involving his dispute with EPSA regarding sewer connection fees for his residential property in Edgewater Park, New Jersey. Before Bello purchased the property, one side of the house had been converted into three apartments. Bello contended that EPSA erroneously billed him with four connection charges when the property was connected to the public sewer line, and that EPSA continues to bill for four homes. Bello asserted that EPSA publicly admitted that it should not have charged him for four connection fees, and thus Bello has resorted to billing EPSA annually for the fees. Bello's refusal to pay the disputed charges resulted in a threatened tax sale action on the property. Bello sued EPSA and the State of New Jersey, seeking damages and a declaration that the state Sewerage Authorities Law— N.J.S.A. § 40:14A-1, et seq.— ("SAL") is unconstitutional. Bello also filed motions for a preliminary injunction.

The District Court granted the State's motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, concluding that it was immune from suit and that Bello failed to state a viable constitutional challenge to the state law. The District Court denied Bello's motion for reconsideration of that order. In addition, the District Court denied

Bello's requests to preliminarily enjoin a tax lien sale and "all billings," but it granted Bello's request to amend his complaint.[1]

In October 2016, Bello filed an amended complaint against EPSA and Edgewater Park Township, again challenging the constitutionality of the SAL. He alleged the previous background facts, noting that he had received another tax sale notice by Edgewater Park Township, on behalf of EPSA, to force him to pay the disputed bills. Bello alleged that EPSA has the ability to set charges and the power to take property without due process, that the relevant state statutes are unconstitutional because they provide inadequate due process for the taking of his property, and that EPSA and Edgewater Park Township colluded to harass and extort money from him. Bello sought declaratory relief and damages.

EPSA filed an answer to the amended complaint and later filed a motion for summary judgment. Bello filed a cross-motion for summary judgment against EPSA, as well as an emergency motion for preliminary injunction seeking to halt a scheduled tax lien sale and freeze any further billings by EPSA. After briefing, the District Court granted EPSA's motion for summary judgment, denied Bello's motion for summary judgment and emergency motion for preliminary injunction, and ordered entry of judgment in favor of EPSA and against Bello. The District Court denied Bello's motion for reconsideration.

---

[1] In C.A. No. 16-3799, we dismissed Bello's appeal in part for lack of appellate jurisdiction but affirmed the District Court's denial of a preliminary injunction.

This appeal followed.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  Bello argues that the District Court should have denied EPSA's motion for summary judgment.[2]  We exercise plenary review over the District Court's grant of summary judgment.  See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In evaluating a motion for summary judgment, "all justifiable inferences are to be drawn in . . . favor" of the non-moving party.  Id. at 255.

The Fourteenth Amendment forbids a state from depriving individuals of life, liberty, or property without due process of law.[3]  For substantially the same reasons stated by the District Court, we agree that summary judgment in EPSA's favor was appropriate. The SAL provides standards for connection fees and charges according to certain specified factors under N.J.S.A. 40:14A-8(b), and EPSA's charges are reviewable by the New Jersey state courts.  See, e.g., New Providence Apartments Co. v. Mayor & Council of Borough of New Providence, 31 A.3d 958, 961 (N.J. Super. Ct. App. Div. 2011)

---

[2] Because Bello's arguments concern only the District Court's granting of summary judgment in EPSA's favor, we confine our consideration of this appeal accordingly.  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

[3] EPSA does not dispute that is a state actor for purposes of this appeal.

4

(recognizing availability of judicial review). When charges remain unpaid, a lien on the property results. See N.J.S.A. 40:14A-21(b). The local sewerage authority may resort to remedies such as restricting or stopping the water supply to the property, see N.J.S.A. 40:14A-21(d); or suing for the balance or enforcing the sewer lien on the property by foreclosure, see N.J.S.A. 40:14A-21(f). Under N.J.S.A. 40:14A-21(e), sewage liens are enforceable as municipal liens, and the provisions of the New Jersey Tax Sale Law apply, including rules regarding pre-sale notice and opportunity to avoid the sale. See, e.g., N.J.S.A. 54:5-1 to -137, 54:5-27 to -30. Contrary to Bello's assertion that he cannot be heard in state court concerning an EPSA foreclosure action, see Appellant's Reply Br. at 6, the New Jersey Tax Sale Law does provide for a state court challenge when defending against a property lien and tax sale. See N.J.S.A. 54:5-100 (in a Superior Court foreclosure action on a municipal lien, a property owner may challenge "the invalidity of the tax or other municipal lien or the invalidity of the proceedings to sell or the invalidity of the sale. All questions as to such invalidity may be tried in the action.").

Bello argues that the District Court erred in characterizing his complaint as a dispute over unpaid sewer bills, failing to recognize his case as a "State Statute" case that challenges the constitutionality of the SAL as applied to him. We disagree. The District Court addressed Bello's claim of inadequate due process before a tax sale, but it reached the opposite conclusion upon review of the SAL and applicable statutory scheme. The District Court found that Bello cannot maintain a due process claim where there was no dispute that Bello has not pursued an adequate available process in the New Jersey

5

Superior Court. That is, because Bello did not pursue an adequate, available process, there existed no due process violation. See Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) (explaining that a due process violation occurs only upon failure to provide due process, not upon the deprivation of property). Bello also argues that the District Court erroneously relied on Alvin in granting EPSA summary judgment, asserting that "it is clearly logical for one to feel that in a 'politically charged' state, like New Jersey, an 'as-applied' attack on a 1947 statute heard in a State court would be 'patently inadequate.'" Appellant's Informal Br. at 14. Bello states that "the level of government corruption is at an all-time high," and that EPSA "can violate the Constitutionally protected rights of a U.S. citizen, through the taking of private property, after fraudulently lying to a consumer. . . ." Appellant's Reply Br. at 3. However, Bello provides no evidentiary support for his belief that the New Jersey state courts would not provide a fair, impartial process in considering his constitutional challenge to the statutes as applied to him. See Alvin, 227 F.3d at 118-19 (where plaintiff did not make use of available process, "concrete evidence" of unfairness or bias was required to support a claim that available process was inadequate).

In addition, we discern no error in the District Court's ruling that Bello's complaint is barred by the Tax Injunction Act, 28 U.S.C. § 1341. The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. While § 1341 speaks only in

6

terms of equitable relief, principles of comity also bar actions seeking damages for the imposition of allegedly wrongful taxes. See Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 107 (1981). Thus, "a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes" if the state courts provide a sufficient remedy. Kerns v. Dukes, 153 F.3d 96, 101 (3d Cir. 1998). Bello asserts that EPSA falsely represents that a remedy exists in the New Jersey Superior Court regarding a foreclosure action on his property. See Appellant's Reply Br. at 6. For reasons stated earlier, we reject Bello's argument. See, e.g., N.J.S.A. 54:5-100.

Upon careful consideration of the arguments presented in Bello's briefs, we conclude that they are without merit concerning the District Court's entry of summary judgment and denial of Bello's motion for reconsideration. For the foregoing reasons, we will affirm the District Court's judgment.